Gary PAULSON, Respondent,

v.

CECO CORPORATION, et al., Relators.

No. 47784.

Supreme Court of Minnesota.

March 17, 1978.

Kenneth M. LeBon, St. Paul, for relators.

John T. Anderson, Jr., Compensation Atty., St. Paul, for respondent.

PER CURIAM.

Certiorari on the relation of Ceco Corporation (Ceco) and its compensation insurer to review a decision in which a divided Worker's Compensation Court of Appeals determined that Ceco's former employee, Gary Paulson, has been temporarily totally disabled since June 7, 1976, awarded him compensation, and ordered him to seek vocational retraining through the Division of Vocational Rehabilitation. We affirm.

Employee worked for Ceco for several years as a general laborer. His work was heavy, requiring him to move, stack, and position lumber and forms used in the construction of concrete buildings. He noticed intermittent pain in his right shoulder for 3 years. In December 1975, his shoulder became so sore that he consulted Dr. Patrick A. Keenan, who diagnosed his condition as bicipital tendonitis which he related causally to employee's work. Relators accepted Dr. Keenan's opinion and paid employee temporary total disability benefits for several months. During this time his condition gradually improved although upon exertion he still experienced shoulder pain.

On May 21, 1976, James H. Olson, Ceco's assistant manager, offered employee light work which he specified would not require lifting. Employee consulted Dr. Keenan, who approved his trying the job if he avoided repetitive lifting or other repetitive use of his biceps muscle and any lifting of objects weighing more than 40 pounds. Em-

ployee then accepted the job offer and reported to a construction site at Marshall, Minnesota, on Tuesday, June 1. He said that Olson "asked if I would try things so they would know how much I could do and couldn't do," and his doctor had given him similar directions. The first day and a half at the Marshall site employee did light work. On Wednesday afternoon he was told by the labor foreman to stack posts weighing 40 to 50 pounds. He did so for about an hour and then stacked other lumber and moved some scaffolds. He felt some pain in his arm when he did this work. The next day he was again told to stack lumber and move scaffolds and did so. By that evening, his pain was so severe that he told the carpentry foreman that he would not do any lifting the next day. On that day, a Friday, employee did only light work for about 2 hours and did nothing else because all the other tasks required lifting. He returned to Minneapolis that evening and telephoned Olson to report that his shoulder was bothering him, that he was going to see Dr. Keenan, and that he would not return to Marshall. In the meantime, on June 4, relators had filed a notice of intent to discontinue compensation payments. Employee's resistance to their discontinuance led to the determination, challenged here, that he continues to be temporarily totally disabled.

On June 7, employee contacted Dr. Keenan, who prescribed physical therapy which was administered in the following 2 weeks and eased employee's pain considerably. At the time of the compensation hearing on September 23, 1976, employee said he still had pain in his shoulder and its condition has limited his participation in sports and his ability to do maintenance work on a duplex he owns. Dr. Keenan said that an examination performed on September 16 had revealed no objective proof that employee was still suffering from the effects of his tendonitis but that in view of employee's experience when he attempted heavy labor in June, the doctor was of the opinion that employee would be disabled from such work for at least a year and perhaps permanently.

■ Employee testified also that he had looked for work he could do and was still seeking employment. His efforts included direct applications to nine employers for work he could do, checking the want ads daily, and seeking information about job openings from friends. Although the dissenting member of the compensation court, Judge Charles Reischel, was of the view that employee had not made diligent efforts to obtain work, in view of employee's lack of occupational skills his testimony furnishes substantial support for the determination of the other members of the court that employee had made reasonable but unsuccessful efforts to obtain work he could do in his disabled condition and thus was temporarily totally disabled. *Schulte v. C. H. Peterson Construction Co.,* 278 Minn. 79, 153 N.W.2d 130 (1967). The finding clearly is not manifestly contrary to the evidence and must therefore be affirmed. *Lepping v. Hammers Construction Co.,* Minn., 252 N.W.2d 580 (1977).

■ Relators assert, however, that by not returning to the Marshall project after June 4, employee had refused suitable employment and for that reason should not be awarded benefits. This contention lacks merit since the work assigned employee at Marshall, contrary to the terms of the employment offer, included heavy work which caused the recurrence of the tendonitis. Ceco did not contact employee and offer him other work he could do consistent with his physical limitations when his condition again improved, so it cannot be said that employee refused suitable employment at any time.

Affirmed.