Edward J. PETSCHL, Jr., Respondent,

v.

BRITTON MOTOR SERVICE, et al., Relators.

No. 81–1315.

Supreme Court of Minnesota.

Aug. 31, 1982.

Rehearing Denied Oct. 21, 1982.

Lommen, Nelson, Sullivan & Cole and Thomas R. Jacobson, Hudson, Wis., for relators.

Emmett Dowdal, White Bear Lake, for respondent.

OTIS, Justice.

Relator Britton's employee, Edward Petschl, sustained an injury to his left shoulder and arm in the course of his employment as a truckdriver in August 1979. Relators challenge the findings of a divided Workers' Compensation Court of Appeals that Petschl has made a reasonably diligent effort to obtain employment he is capable of performing. At issue is his continuing temporary total disability from July 29, 1980, to, presumably, May 1, 1981, when his treating doctor released him to return to his job with Britton. Having concluded that the Court of Appeals erred in holding that employee was not required to seek employment in the metropolitan area, we reverse.

Following the August 1979 injury relators paid employee for a 10% permanent partial disability of the left arm and for temporary total disability until July 28, 1980. They then discontinued payment of benefits after receiving an opinion from Dr. Ronald Lampert, an orthopedic surgeon, that employee could return to his work. Employee filed objections to the discontinuance.

Because of the medical testimony that employee could work subject to the stated physical limitations imposed by his work-related injury, employee is entitled to temporary total disability only if he has proved that he has been unable "after reasonably diligent effort" to procure work he could do in his partially disabled condition. Minn. Stat. § 176.101, subd. 2 (1980).

Employee was living in Rush City, 60 miles from Minneapolis at the time he sustained his injury in 1978, and has continued to live there. He testified to numerous efforts to obtain maintenance work, mechanical work, or store clerking in Rush City or Pine City, a nearby town.[1]

Compensation Judge Charles Reischel found that because he did not diligently search for work in the Twin Cities labor market, the employee was not temporarily totally disabled from gainful employment. The majority of the Court of Appeals reversed and held that under *Fredenburg v. Control Data Corp.*, 311 N.W.2d 860 (Minn. 1981), the employee had made a reasonably diligent search for work in the Rush City community where he lives and was entitled to benefits.

In both *Fredenburg* and the present case the employees lived 60 miles from the metropolitan area and commuted to work at the time of their injuries. The similarity ends there, however. In *Fredenburg*, the Court of Appeals held that the employee had not proved his claimed temporary total disability because he had not attempted to obtain employment in the Twin Cities. We reversed and held that under the unique circumstances of that case the employee was not required to seek substitute employment outside the community in which he lived. That conclusion rested on the evidence of employee's back pain and his low tolerance for physical activities, factors leading us to conclude that the Court of Appeals had erred as a matter of law in requiring the employee to seek employment which would necessitate his spending over an hour each way in traveling to his work and from it. In this case, there is no claim and no evidence that employee is physically incapable

---

[1] Employee's prior work experience had been generally labor and truckdriving, but he felt capable of doing mechanical work also.

of driving the 60 miles to the Twin Cities as a consequence of his work-related injury. He clearly regarded the metropolitan area as his employment community prior to the injury, and it is only reasonable that he should still do so, particularly when there are few if any job opportunities in the community where he lives. Whether an employee has made a reasonably diligent search for employment is a question of fact, but we hold that under the circumstances of this case the employee cannot extend his benefits by simply failing to diligently seek work in the metropolitan area. In accord is our decision in *Paine v. Beek's Pizza,* 323 N.W.2d 812, filed herewith.

The Court of Appeals based its decision entirely on the grounds that the employee had no obligation to seek work beyond the Rush City community. In reversing we do so without prejudice to the employee's right to present to the Court of Appeals any evidence he may have with respect to his efforts at obtaining employment in the metropolitan area.

Reversed and remanded.

WAHL, Justice (dissenting).

I respectfully dissent even though this case may be factually distinguished from *Fredenburg.* In *Fredenburg* there was evidence that travel to the metropolitan area would impose hardships on Fredenburg by adding "several painful hours of travel to his ordinary workday in order to commute to his workplace," 311 N.W.2d 860, 864 n. 2, while in this case Petschl is capable of driving an automobile and apparently could travel without aggravating his shoulder and arm. This factual distinction suggests that it is not unreasonable to require an employee to seek employment in the same metropolitan area in which he had been employed prior to his accident if making the journey does not have an adverse effect on the employee. Even with such a requirement, however, it is clear from the record before us that Petschl did make a showing of reasonable effort to obtain a job in the Twin Cities metropolitan area as well as in the community in which he lives. He asked

Britton for work he could do, and Britton offered him none and offered no suggestion that he consider retraining. He sought work at three other establishments in the metropolitan area and consulted the State Employment Service and three unions in St. Paul, obtaining no assistance from any of these sources. We upheld a finding that similar efforts satisfied the requirement of a reasonably diligent effort to obtain employment in *Paulson v. Ceco Corp.,* 265 N.W.2d 647 (Minn.1978). Petschl should not be required to go through another proceeding where he has already presented evidence which is sufficient as a matter of law. I would affirm the award of continuing temporary total disability from July 20, 1980, to May 1, 1981.

TODD, Justice (dissenting).

I join in the dissent of Justice Wahl.

YETKA, Justice (dissenting).

I join in the dissent of Justice Wahl.

SCOTT, Justice (dissenting).

I join in the dissent of Justice Wahl.