James MAYER, Relator,

v.

**ERICKSON DECORATORS and
Bituminous Insurance Cos.,
Respondents.**

No. C4–85–84.

Supreme Court of Minnesota.

Aug. 16, 1985.

John T. Anderson, Minneapolis, for relator.

J. Mark Catron, St. Paul, for respondents.

SCOTT, Justice.

In this case the employer-insurer filed a notice of intention to discontinue payment of temporary total disability compensation to the employee on the ground he had not cooperated with rehabilitation plans. Upon his objection to the discontinuance of payments, a compensation judge found that employee was entitled to temporary partial disability benefits between the date of discontinuance and the date of hearing. The Workers' Compensation Court of Appeals reversed, substituting a finding that employee was not entitled to temporary total disability or to temporary partial disability compensation during this period because he failed to cooperate in rehabilitation efforts and did not make a diligent effort to find work within his limitations. We have concluded that the decision of the WCCA must be affirmed.

■ Employee's claims of error do not require extended discussion. He contends that the WCCA exceeded its appellate review powers in reversing the compensation judge's finding that he was temporarily partially disabled because that finding had substantial support in the parties' agreement at the hearing that employee, a painter at the time of his injury in December 1980, had then been earning $480 a week and in evidence that at the time of the hearing he could not perform such work and was capable of performing lighter work which paid between $3 and $4 an hour. Without disputing this evidence, the WCCA found that employee nevertheless was not entitled to temporary total or temporary partial disability benefits between the date of discontinuance, August 15, 1982, and the date of the hearing before the compensation judge, May 3, 1984, because of his failure to cooperate in rehabilitation efforts and to make a reasonably diligent effort to find work within his limitations. The majority of the WCCA panel reversed the compensation judge's determination that proof of reduced earning capacity alone qualifies an employee for temporary disability payments. In effect, they held the compensation judge's finding of temporary partial disability erroneous as a matter of law and then substituted the determination which they concluded was required by the total evidence. Their jurisdiction to decide questions of law as well as questions of fact is expressly provided by Minn.Stat. § 175A.01, subd. 2 (1982). The employer-insurer's appeal placed in question whether the compensation judge's finding was supported by substantial evidence in view of the entire record and also whether it and the order based thereon were in conformity with the Workers' Compensation Act. The WCCA's jurisdiction to consider both aspects of the appeal is furnished by Minn.Stat. § 176.421, subd. 1 (1984), and its power to review the record and substitute for the compensation judge's finding the finding it concluded was "based on the total evidence" is furnished by subdivision 6 of this provision. Consequently, employee's initial claim that the WCCA could not substitute its own finding must be rejected.

■ So also must employee's contention that the WCCA erred in its conclusion that an employee capable of working subject to the limitations imposed by his work injury must make a reasonably diligent effort to find employment. The statute in effect when employee sustained his work injury, Minn.Stat. § 176.101, subd. 2 (1982) provided:

In all cases of temporary partial disability the compensation shall be 66⅔ percent of the difference between the

daily wage of the worker at the time of injury and the wage he is able to earn in his partially disabled condition. * * * If the employer does not furnish the worker with work which he can do in his temporary partially disabled condition and he is unable to procure such work with another employer, after reasonably diligent effort, the employee shall be paid at the full compensation rate for his or her temporary total disability.

Employee argues that the requirement of a reasonably diligent effort to obtain employment exists only when an employee seeks temporary partial disability benefits at his temporary total disability rate.

However, the language of the statute cannot reasonably be interpreted as employee urges. Nor do we agree that the legislative intent could have been to provide that a partially disabled employee would be entitled to receive compensation for temporary partial disability indefinitely merely by proving the extent of the reduction in his earning capacity. We have recognized that an employee has an obligation to attempt to perform work offered by the employer when it is within his physical capacity. *Wesley v. City of Detroit Lakes,* 344 N.W.2d 614 (Minn.1984); *French v. Minnesota Cash Register,* 341 N.W.2d 290 (Minn.1983). It would make no sense to construe Minn.Stat. § 176.101, subd. 2, as requiring the employee to attempt such offered work but not requiring him to make a reasonably diligent effort to find suitable work when none is offered by the employer. We are satisfied that it was the legislative intent that an employee is obligated to cooperate with appropriate rehabilitation efforts and, when those efforts are aimed at returning him to employment, to make a reasonably diligent effort to obtain such employment if he is to remain entitled to receive temporary disability compensation under section 176.101, subd. 2. Since the WCCA's finding that employee failed both to cooperate with rehabilitation efforts and to seek employment is not

manifestly contrary to the evidence, the denial of benefits must be affirmed.

■ We add that, although employee's expressed unwillingness at an administrative conference to cooperate with rehabilitation efforts resulted in a decision by a rehabilitation specialist that the employer-insurer need not furnish further services and could file a "notice of rehabilitation placement completion," it is obvious that the purposes of the rehabilitation statute, Minn.Stat. § 176.102 (1984), have not been achieved. They never will be if employee's past failure to cooperate with rehabilitation efforts is viewed as terminating the employer-insurer's obligation to furnish him such assistance, and nothing in section 176.102 requires that conclusion. Consequently, we hold that the employer-insurer's obligation to furnish rehabilitation assistance can be revived if employee requests and agrees to cooperate with renewed rehabilitation efforts.[1] Moreover, if employee undertakes a reasonably diligent effort to find employment within his physical restrictions, and either cannot obtain such work or obtains work at a lower wage than he was receiving at the time of his work injury, he has the right again to seek further disability compensation under Minn.Stat. § 176.101, subd. 2 (1982).

Affirmed.

---

1. We agree with the compensation judge that     this may be an appropriate case for retraining.