Abby JOHNSON, Relator,

v.

STATE of Minnesota, DEPARTMENT OF VETERANS AFFAIRS, self-insured, Minnesota Department of Human Services, Intervenor, Respondents.

No. C7–86–817.

Supreme Court of Minnesota.

Feb. 13, 1987.

Richard Newgren, Bloomington, for relator.

James F. Cannon, Dept. of Labor & Industry, St. Paul, for Dept. of Veterans Affairs. Alice Tyson, Dept. of Human Services, St. Paul, for Dept. of Human Services.

COYNE, Justice.

The Workers' Compensation Court of Appeals, by majority decision, reversed a compensation judge's award of benefits for temporary partial disability. We reverse.

Employee Abby Johnson worked as a human services technician (nurse's aide) at the Minnesota Veterans Home. On two separate occasions in 1983 she injured her back while lifting patients. As a result, employee has suffered a 15% permanent partial disability to her back. When employee returned to work following the second injury, she was placed on a modified job status as a nurse's aide and was not required to do the normal heavy lifting. Additionally, her patient load was reduced. Several weeks later, however, a dispute arose when employee refused to do an additional task assigned by a supervisor. When employee received a written reprimand for her conduct, she quit.

Eleven days later, December 27, 1983, employee wrote to employer requesting that she be allowed to return to work in a light duty capacity that would accommo-date her back disability. Employer responded by certified mail, dated January 3, 1984. In that letter employer expressed surprise by employee's December 27 request but closed with:

> If you would like to be considered for employment again at the Veterans Home, please contact me in writing and request that your name be placed on the reemployment list for the position of Human Services Technician. We currently have full time, part time and on-call vacancies.

Concluding that this letter limited her to reapplying for a regular nurse's aide position, work which she could no longer do, employee did not respond to this letter.

January 6 through February 24, 1984, employee worked as a companion to the elderly. She left this job because of her daughter's terminal illness. Employee reentered the job market mid-July and obtained temporary employment with Central Neighborhood Improvement. When that job was eliminated, employee obtained another job at United Way doing general office work. On October 1, employee commenced a better paying job with a private employer as a receptionist. She left this job November 16, however, because of what she felt was age discrimination (she is 59 years old) and drinking by co-workers on the job. Employee is a recovering alcoholic and she was concerned about maintaining her sobriety if she continued in that work atmosphere. Following her resignation, employee left the job market until January 1985, when she again obtained employment.

Employee sought permanent partial disability benefits and also temporary total and temporary partial disability benefits from December 16, 1983, the date she quit her job with employer. There was medical testimony supporting employee's claim that, because of her back injuries, she was unable to continue working as a nurse's aide in December 1983. In addition, an employment expert testified that in his opinion employee was doing the best she could do to get work and keep it. He also

testified that he was currently having difficulty placing people like employee.

The compensation judge determined that employee had sustained a 15% permanent partial disability of the back and awarded permanent partial disability benefits payable on completion of payment of temporary disability benefits. Because employee had quit her job for reasons unrelated to her disability, the compensation judge denied temporary disability compensation for the remainder of the month of December, 1983. He did, however, award temporary partial disability benefits from January 1, 1984, based on his finding that employee had reentered the job market and obtained lighter-duty work but at a reduced wage. On appeal, the Workers' Compensation Court of Appeals affirmed the award of permanent partial disability benefits but, by majority decision, reversed the award of temporary disability benefits on the ground that employee had failed to make a reasonably diligent effort to find suitable employment.

■ Certainly, the Workers' Compensation Act contemplates that an injured worker will promptly return to work on recovery from the work-related injury. Even if partially disabled as a result of the injury, the worker has an obligation under the Workers' Compensation Act to seek work within the limitations of the physical disability suffered. Accordingly, when an injured worker has not made a reasonably diligent search for suitable employment, disability compensation may be denied. *See Mayer v. Erickson Decorators*, 372 N.W.2d 729, 731 (Minn.1985). As a corollary, when the employer makes a good faith offer of suitable employment, an otherwise unemployed worker who refuses that offer is not entitled to benefits. *Shogren v. Bethesda Lutheran Medical Center*, 359 N.W.2d 595, 598 (Minn.1984). That does not mean, however, that the injured worker is forever bound to the employer or that the worker must affirmatively exhaust all possibility of reemployment with the employer before looking elsewhere for a job in order to receive disability compensation.

■ The majority of the WCCA panel regarded employee's failure to respond to employer's letter of January 3, 1984, as a failure to apply or diligently search for work. The employer's letter, however, was not an offer of suitable employment. Indeed, employer conceded that it was not even intended as an offer of employment. At best it was a mere suggestion that employee reapply—with no assurance that she would be hired—for work which employer knew employee was not able to do. An employee is not obligated to return to work which he or she cannot do. *See Paulson v. Ceco Corp.*, 265 N.W.2d 647 (Minn. 1978) (general construction laborer had not refused suitable employment even though he had not returned to employer's construction project inasmuch as work assigned, contrary to terms of employment offer, included heavy work which caused recurrence of tendonitis, and employer did not contact him and offer him other work he could do consistent with this disability). An employer is not relieved of its obligation under the Workers' Compensation Act even with a bona fide offer of employment if that offer does not accommodate the injured employee's condition. *E.g., French v. Minnesota Cash Register*, 341 N.W.2d 290 (Minn.1983). In this case, there was no bona fide offer, much less an offer of work which employee could do in her partially disabled condition.

■ It is apparent that underlying the WCCA's decision is the fact that employee voluntarily terminated her employment. A partially disabled worker, like any other worker, is subject to the reasonable demands of the employer, and an employee who quits in a pique when reprimanded for refusing to perform an assigned task is hardly entitled to sit at home and collect compensation benefits. But the fact that employee voluntarily quit her job ought not permanently relieve the employer of its obligations under the Act. We have held that a worker discharged for misconduct may not be forever deprived of the benefits

**732**

of the Act. *See Kurowski v. Kittson Memorial Hospital,* 396 N.W.2d 827 (Minn. 1986) (alleged fraudulent use of sick leave). Voluntary termination should not place an employee in a worse position than discharge for misconduct. Although the compensation judge quite properly denied compensation from the date employee quit until shortly after she sought reinstatement, employee again became eligible for compensation when she began diligently to seek employment. *Mayer v. Erickson Decorators,* 372 N.W.2d at 731.

In this case it simply cannot be said that employee failed to make a diligent effort to search for work. Except for two periods when she was not in the job market for personal reasons (and for which she has neither claimed nor been awarded benefits) employee has been continuously employed. Moreover, an expert familiar with employee's situation has said employee has done about as well as can be expected with respect to the types of jobs she has obtained. Despite employee's failure to settle into permanent employment, the WCCA's conclusion that she did not make a diligent effort to find work or that she removed herself from the labor market is manifestly contrary to the evidence.

We are not unmindful of the intent of the Workers' Compensation Act to return the injured worker to the employ of his or her pre-injury employer. Minn.Stat. § 176.101 (1986). Nevertheless, if an employer seeks to shield itself from its obligation to pay disability payments on the ground that the injured worker has refused an offer of suitable employment, the employer must do something more than suggest that the employee reapply for work which the employer knows the employee cannot perform in the employee's partially disabled condition. Absent a genuine and unequivocal offer of work that the employee can do in his or her physical condition, the employee cannot be said to have refused an offer of suitable employment or failed to make a reasonably diligent search for work. Under the facts of this case we are compelled to reverse the decision of the Workers' Compensation Court of Appeals and to direct reinstatement of the decision of the compensation judge.

Reversed and remanded for reinstatement of the decision of the compensation judge.

Employee is awarded attorney fees of $400.