Craig HANMER, Relator,

v.

WES BARRETTE MASONRY and
Lakeland Fire & Casualty,
Respondents.

No. C8–86–1099.

Supreme Court of Minnesota.

April 17, 1987.

Timothy J. McCoy, Minneapolis, for relator.

David Odlaug, St. Paul, for respondent.

COYNE, Justice.

The Workers' Compensation Court of Appeals (WCCA), by majority decision, affirmed a compensation judge's denial of benefits for temporary partial disability. We affirm.

Employee, a 29–year–old former professional hockey player, worked as a brick tender for employer Wes Barrette Masonry at a weekly wage of $447.30. He sustained two work-related back injuries, the first one on July 2, 1981, and the second on October 15, 1982. Following the second surgery, employee was no longer able to continue work as a brick tender because of his disability. By agreement, employee was paid 25% permanent partial disability of the back based on the maximum compensation rate in effect October 15, 1982.

In June 1983, employee began "helping out" at a tanning salon owned by a friend. In return for this aid, employee was al-

lowed free tanning sessions. In August 1983, employer and insurer commenced payment of temporary total disability benefits which were made retroactive to October 1982. During the same month, employer and insurer advised they wished to develop a rehabilitation plan for relator. Employee chose to work with the Division of Vocational Rehabilitation and a qualified rehabilitation consultant (QRC) was assigned. The rehabilitation plan which was ultimately developed consisted of a "job search" in the areas of "business, management trainee and sales." A placement vendor was assigned, but employee failed to keep scheduled appointments or make contact with him. May 29, 1984, employee advised his QRC that he had obtained employment at the tanning salon, to commence June 1, 1984. He was to be paid $3.35 per hour for a 30–hour work week.

Employer and insurer filed a notice of intention to discontinue benefits on June 1 and employee objected. The matter was eventually litigated before a compensation judge who determined that employee had failed to make a diligent search for employment, that he had withdrawn from the competitive labor market to pursue a career in the tanning business, that he failed to cooperate with rehabilitation efforts and that (based on testimony of the employer's and insurer's rehabilitation counselor that relator could be making $1,000 per month) his actual earnings were less than his earning capacity. Pursuant to these findings, the compensation judge denied employee's claim for temporary partial benefits subsequent to June 1, 1984.

The WCCA in a 2–1 decision affirmed, finding that by failing to keep in touch with the QRC or the placement vendor, employee did not cooperate with rehabilitation efforts. The majority also upheld the finding that employee failed to diligently look for employment. The dissent essentially disagreed with this position.

■ Pursuant to Minn.Stat. § 176.101, subd. 2 (1982), the statute in effect on the date of employee's injury, an injured employee is required to cooperate with rehabilitation and make a reasonably diligent effort to obtain suitable gainful employment in order to be eligible for disability compensation. *Mayer v. Erickson Decorators*, 372 N.W.2d 729 (Minn.1985). The test of reasonableness does not require the claimant who is in good faith training himself for a suitable career of his own choosing to sacrifice his long-range ambitions and seize any short-range line of work that is open to him. 2 A. Larson, The Law of Workers' Compensation § 57.61(d) at 10–245, 247 (1986). *See also* Minn.Stat. § 176.-102, subd. 1 (1982) (scope of rehabilitation):

> Vocational rehabilitation shall train an employee so he may be returned to a job related to his former employment or to a job in another work area which produces an economic status as close as possible to that he would have enjoyed without disability. Rehabilitation to a job with a higher economic status than would have occurred without disability is permitted if it can be demonstrated that this rehabilitation is necessary to increase the likelihood of reemployment. Economic status is to be measured not only by opportunity for immediate income but also by opportunity for future income.

At the same time an employer should not be obligated to subsidize an employee indefinitely where an employee undertakes a career of his own chosing for which he may be ill-suited. *Cf. LeMieux v. Mortenson*, 306 Minn. 50, 234 N.W.2d 897 (1975) (voluntary withdrawal from labor market to become self-employed in farming; compensation denied).

In the instant case, the compensation judge found employee withdrew from the labor market to pursue a career in the tanning business, that he returned to the labor market when he started receiving pay for his work at the tanning salon, but that he failed to make a reasonably diligent search for employment. The compensation judge noted that employee was not interested in seeking employment because he had formulated his own vocational plans. The compensation judge also found that employee was working for minimum wage when his earning capacity was much greater. Implicit in these findings is that the

compensation judge viewed employee's election to work at the tanning salon as a failure to seek *suitable* gainful employment. The WCCA affirmance on the grounds that employee failed to cooperate with rehabilitation and failed to make a reasonably diligent job search essentially amounts to the same determination where the rehabilitation plan consisted of a search for *suitable* employment within the meaning of Minn.Stat. § 176.102, subd. 1.

 In reviewing factual findings of the Workers' Compensation Court of Appeals, this court is not to determine whether on the facts the decision was correct or even preferable to another, but only whether it had sufficient basis of inference reasonably to be drawn from the facts. *Fryhling v. Acrometal Products Inc.*, 269 N.W.2d 744 (Minn.1978). Whether an injured employee makes a reasonably diligent search for suitable employment is a question of fact which must be upheld unless manifestly contrary to the evidence. *McClish v. Pan–O–Gold Baking Co.*, 336 N.W.2d 538 (Minn.1983). It is not for this court to second guess the factual determination. In this case, the record shows that while employee's current job consists of work he can do on a part-time basis in his partially disabled condition, it also clearly shows there are other careers to which he may be more suited and with greater current earning capacity. Although employee stated he wanted to own a tanning salon some day, something more than a vague statement of a long-term goal is necessary to establish the suitability of a chosen career. *Cf. Paine v. Beek's Pizza*, 323 N.W.2d 812 (Minn.1982) (employee's claim that he wanted to "better himself" not sufficient to justify move to area where employment opportunities are nonexistent; compensation denied). We therefore affirm the WCCA and compensation judge's finding that employee failed to make a search for suitable employment.

Affirmed.

YETKA and SCOTT, JJ., dissent.

YETKA, Justice (dissenting).

I would reverse the Workers' Compensation Court of Appeals. The record indicates that the employee undertook a reasonably diligent search for a job and is currently employed at a job within his capacity. The job is consistent with the type of employment recommended by the rehabilitation counselor. Under these circumstances, the employee's admission that the job he chose pays less than he is able to earn should not serve as a reason to deny him all benefits. The employee, in my opinion, is entitled to temporary partial disability benefits measured by two-thirds of the difference between his pay at the time of injury and his current earning capacity. A calculation at this rate adequately accounts for employee's decision to pursue a job with some potential of growth rather than to spend time looking for work which might pay more.

SCOTT, Justice (dissenting).

I join in the dissent of Justice Yetka.