**LeRoy M. ROGHOLT, Relator,**

**v.**

**KNIGHT ELECTRIC and State Farm Fire and Casualty Company, Respondents.**

No. C2-93-890.

Supreme Court of Minnesota.

Jan. 14, 1994.

Thomas G. Lockhart, Minneapolis, for relator.

Robyn N. Moschet, McCollum & Daly, Ltd., Bloomington, for respondents.

COYNE, Justice.

The Workers' Compensation Court of Appeals reversed an award of economic recovery compensation based on the compensation judge's finding that post-injury employment did not meet the criteria of Minn.Stat. § 176.101, subd. 3e(b) (1992). We reverse and reinstate the compensation judge's findings and the award based thereon.

LeRoy Rogholt, a journeyman electrician, sustained compensable knee injuries in 1989 while employed by Knight Electric.[1] Despite surgical procedures intended to improve the use of his knees, the employee was advised he would not be able to resume his previous level of activity and should therefore seek sedentary employment. In December 1990, almost two years after the injury, the employee's rehabilitation plan focused on job

changed since adoption of the two-tier system in 1983.

1. At the time of injury, Rogholt was earning an average weekly wage of $760; and he also received vacation pay, holiday pay and health insurance.

placement assistance and the parties entered into a Job Placement Plan and Agreement (JPPA). Pursuant to that plan, employee started working as a project coordinator for a plumbing company at $5 per hour, with no fringe benefits, and little opportunity for advancement. He received temporary partial compensation; and after the employee had been with the plumbing company for 6 months, his QRC closed the rehabilitation file.

Employee was served with notice of maximum medical improvement about a month after he took the job as project coordinator, and the employer paid him $8,737.50 in impairment compensation for an 11.65% whole body impairment. Employee filed a claim for economic recovery compensation on the ground that his project coordinator job was not "3e" employment because it does not produce "an economic status as close as possible to that the employee would have enjoyed without disability." The compensation judge so ruled, but the WCCA reversed, deciding the compensation judge had improperly focused on wage disparity and failed to take into account rehabilitation factors considered relevant to the question.

 The employee contends that the compensation judge did consider the relevant factors, including the extent of rehabilitation efforts, and a fair reading of the compensation judge's findings of fact supports the employee's position. A disparity between pre- and post-injury wages is not the sole criterion for determining whether the employee's post-injury employment meets the requirements of a "3e" job. *Gackstetter v. Johnson/Midwest Coca Cola Bottling*, 511 N.W.2d 439 (Minn.1994). The employee's age, education, interests, aptitudes, skills, whether the employee has participated in a retraining program, and the employee's general work history are also factors which must be taken into consideration, *Keklah v. Gebert's Floor Coverings*, 511 N.W.2d 437 (Minn.1994). Whether there is reasonable parity between pre-injury wages and post-injury wages is, however, a factor of more than passing significance, *Gackstetter, supra*, and its relative significance in any given factual setting is for the trier of fact. *See Jerde*

*v. Adolfson and Peterson*, 484 N.W.2d 793, 795 (Minn.1992).

Inasmuch as there is substantial evidence supporting the compensation judge's findings of fact, Minn.Stat. § 176.421, subd. 1 (1992); *see also Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984), we reverse the decision of the WCCA and reinstate the compensation judge's award.

Reversed and decision of the compensation judge reinstated.

Employee is awarded $400 in attorney fees.