**PDM MOLDING, INC. and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Derrick STANBERG and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 93CE0015.

Colorado Court of Appeals,
Div. IV.

May 5, 1994.

Rehearing Denied June 16, 1994.

Certiorari Granted Dec. 5, 1994.

Michael J. Steiner, Denver, for petitioners.

Randall M. Calvert, Englewood, for respondent Derrick Stanberg.

No appearance for respondent Indus. Claim Appeals Office.

Opinion by Judge PLANK.

We granted certiorari in this workers' compensation case to determine whether an employer must offer reemployment in writing to limit temporary total disability benefits payable to a claimant who was terminated for fault. We hold that, before the offer concerning reemployment be considered, the issue whether claimant was terminated for fault must be determined. Accordingly, we set aside the Panel's order and remand for further findings.

The Administrative Law Judge (ALJ) found that Derrick K. Stanberg, claimant, sustained a back injury arising out of his employment on March 26, 1992. The ALJ

also found that claimant was terminated later that same day for reasons unrelated to the industrial injury.

The ALJ further found that the restrictions imposed upon claimant exceeded the duties of his usual employment and, therefore, determined that claimant was unable to perform those duties. Finally, the ALJ found that no written offer of modified employment was made to the claimant by PDM Molding. Consequently, applying § 8–42–105(3)(d), C.R.S. (1993 Cum.Supp.), the ALJ awarded claimant temporary total disability from the date of injury until October 11, 1992, the date that claimant located other employment.

Relying on *Monfort v. Husson,* 725 P.2d 67 (Colo.App.1986), *overruled on other grounds, Allee v. Contractors, Inc.,* 783 P.2d 273 (Colo. 1989), petitioner, PDM Molding, contended before the Panel that claimant was not entitled to temporary disability benefits because he was terminated for cause unrelated to the injury. Consequently, they asserted that § 8–42–105(3), C.R.S. (1993 Cum.Supp.), which provides for the continuation of temporary benefits except in certain circumstances, does not apply because claimant was not entitled to such benefits in the first instance. However, in rejecting these arguments, the Panel concluded that *Monfort v. Husson* pertains only to circumstances in which an injured employee who is temporarily "disabled" from performing his regular employment is at fault for the loss of modified employment.

The Panel also interpreted the ALJ's order here as finding that the injury did not result in temporary disability on March 26, 1992, because claimant was able to complete his regular work shift despite the injury. Thus, it concluded that this claim did not involve a post-injury separation from modified employment and, therefore, that it was irrelevant whether claimant was at fault in the loss of his regular employment on March 26.

The Panel further interpreted the ALJ's order as finding that the claimant's condition worsened and that he became temporarily disabled from performing his regular job duties on March 27. The Panel determined that the ALJ implicitly found that the causal relationship between claimant's injury and his subsequent wage loss was reestablished on March 27. Therefore, the Panel concluded that, as of March 27, the claimant was physically unable to perform his regular job regardless of whether the termination precluded his access to that employment.

Finally, noting that the respondents did not contest the ALJ's finding that the claimant was medically restricted from performing his regular duties, the Panel concluded that the ALJ properly applied § 8–42–105(3) to determine the duration of temporary disability benefits.

■ Petitioners assert that the Panel's interpretation of *Monfort v. Husson* is too limited. In contrast, claimant maintains that *Monfort* is either flawed in its analysis or not dispositive. Alternatively, claimant interprets the ALJ's order as implicitly finding that the discharge was not his fault and, based on that premise, maintains that temporary total disability benefits were properly awarded. He asserts that even if he was discharged for intentional fault, the evidence shows that he was unable to find or hold any other employment until October 11, 1992. We agree with petitioners that *Monfort* applies and conclude that further findings are necessary.

Under § 8–42–105(3), C.R.S. (1993 Cum. Supp.) temporary total disability benefits are to continue until the occurrence of any one of four events. One of those four events set out in § 8–42–105(3)(d), C.R.S. (1993 Cum.Supp.) provides that temporary total disability benefits are to continue until the attending physician gives the employee a written release to return to modified employment, such employment is offered to the employee in writing, and the employee fails to begin such employment.

Here, it is undisputed that there was no written offer of employment. Petitioners argue that, if the claimant's loss of wages is the result of termination for excessive absenteeism, then the claimant is not entitled to temporary benefits. Consequently, they maintain that there were no benefits to continue under § 8–42–105.

The court of appeals may set aside an order of the Panel when the award or denial of benefits is not supported by applicable law. Section 8–43–308, C.R.S. (1993 Cum. Supp.).

Here, we do not agree with the Panel's interpretation of the ALJ's order. Thus, we conclude that the award of benefits based upon such construction cannot stand. Furthermore, we conclude that the issue whether claimant was terminated for fault is the threshold question that must be resolved before the propriety of the application of § 8–42–105 can be addressed.

## I.

In *Monfort v. Husson, supra,* we addressed the broad issue whether an injured employee who has not reached maximum medical improvement and is terminated from the employment out of which the injury arose is eligible to receive temporary partial disability benefits during subsequent periods of wage loss. We concluded that the issue of fault with reference to the termination is the dispositive consideration.

■ We further concluded in *Husson* that if a temporarily disabled employee is determined to be at fault for his termination, the subsequent wage loss is caused not by the injury, but rather by the employee's act which led to the termination. In contrast, when a faultless employee is terminated while still temporarily disabled, the resulting wage loss must be attributed to the injury and the employer must pay temporary disability benefits for any resulting wage loss.

■ Whether a temporarily disabled employee is at fault for his termination is a question of fact. *Monfort v. Husson, supra.*

Here, the evidence concerning whether claimant suffered a work-related injury or filed a compensation claim in retaliation for his discharge was disputed. Although the ALJ ultimately concluded that the claimant was injured at work and that the termination was not related to the injury, the ALJ did not expressly determine whether claimant was at fault for the termination. However, we conclude that an express determination of that factual question is required under *Monfort v. Husson.*

■ Accordingly, it is necessary to remand this matter for a determination of the fault issue and the entry of specific findings on that issue. If the ALJ finds that the claimant was not at fault for the termination, then we agree that the failure of the employer to satisfy the requirements of § 8–42–105(3)(d) would justify the award of temporary total disability benefits as ordered by the ALJ based upon the undisputed evidence that no written offer of modified employment was made.

■ However, if the ALJ finds that the claimant was at fault for the termination, then, before an award may be assessed against petitioners, additional findings will be necessary concerning whether the claimant's wage loss between March 26, 1992, and October 11, 1992 was due to his inability to find work within his restrictions.

## II.

Since *Monfort v. Husson, supra,* was decided, courts in other jurisdictions have held that a discharge for just cause does not automatically bar an employee from receiving disability benefits. Those courts have determined that:

[A] justifiable discharge for misconduct suspends an injured employee's right to wage loss benefits; but the suspension of entitlement to wage loss benefits will be lifted once it has become demonstrable that the employee's work-related disability is the cause of the employee's inability to find or hold new employment. Such a determination should be made upon consideration of the totality of the circumstances including the usual work search 'requirements.'

*Wendt v. North Dakota Workers Compensation Bureau,* 467 N.W.2d 720 (N.D.1991); *Marsolek v. George A. Hormel Co.,* 438 N.W.2d 922 (Minn.1989); *see also* A. Larson, *Workmen's Compensation Law* § 57.64(a) (1993).

■ We agree with the approach of these courts and hold that a discharge for cause

does not automatically bar an employee from receiving disability benefits.

Therefore, if, upon remand, it is concluded that the claimant was at fault for the termination, it will be necessary for the ALJ to consider the totality of the circumstances to determine the additional question of whether the claimant's work-related disability was the cause of his inability to find work within the restrictions imposed prior to October 12, 1992.

The order is set aside, and the cause is remanded for further proceedings consistent with this opinion.

MARQUEZ and ROTHENBERG, JJ., concur.