Glen A. **REIMER**, Relator,

v.

**MINNIT TOOL/M.I.T. TOOL CORP.** and **Aetna Life & Surety Company,** Respondents.

No. C9–94–718.

Supreme Court of Minnesota.

Aug. 12, 1994.

David R. Vail, Wilbur W. Fluegel, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for relator.

Lawrence C. Miller, Gilmore, Aafedt, Forde, Anderson & Gray, P.A., Minneapolis, for respondents.

---

## OPINION

GARDEBRING, Justice.

We review on certiorari that part of a decision of the Workers' Compensation Court of Appeals reversing the compensation judge's determination that the employee's post-injury employment was physically unsuitable. We reverse and reinstate the finding of the compensation judge as well as the award based thereon.

In June 1991, Glen A. Reimer sustained bilateral carpal tunnel injuries as a result of his work as a design computer programmer with Minnit Tool/M.I.T. Tool Corp. Shortly after the carpal tunnel condition was diagnosed, Reimer left his employment with Minnit Tool for reasons unrelated to the injuries. In July 1991, Reimer found employment as a tool maker and computer programmer with Deluxe Tool.

In August 1991, Reimer underwent carpal tunnel release surgery on the left hand/wrist; and in October 1991, he had carpal tunnel release surgery on the right hand/wrist. Minnit Tool and its workers' compensation liability insurer, Aetna Life & Surety, accepted liability and paid medical as well as wage loss benefits. Surgery alleviated Reimer's symptoms, and he was able to resume work at Deluxe Tool after recovery from each procedure.

In early 1992, Reimer began to experience the return of carpal tunnel syndrome-type symptoms and sent a letter to his doctor in which he said:

> My toolmaking skills have been called upon here at Deluxe Tool and I find myself working out in the machine shop area more each day. Operating the various machines requires a lot of manual, repetitious work and the handles and wrenches used in these operations are in contact with the palms of my hands almost constantly causing a great deal of pain * * *.

Reimer began wearing wrist guards or "braces," and Deluxe tried to accommodate his disability by varying his work. Subsequent EMG testing indicated Reimer's hand/wrist conditions were better than they were before his surgeries but had gradually regressed over time. In August 1993, Reimer left Deluxe Tool to pursue self-employment in his own computer programming and consulting business. He said he left Deluxe Tool to avoid further damage to his hands.

Reimer sought economic recovery compensation, contending that his post-injury employment was not physically suitable within the meaning of Minn.Stat. § 176.101, subd. 3e(b). At the hearing, evidence was introduced as to Reimer's physical condition, as well as the nature of the restrictions imposed on his work by his treating physician. The compensation judge found that the job was not suitable, but the WCCA reversed on appeal, noting, "Although the evidence does support the finding that the employee's carpal tunnel symptoms were gradually returning and had worsened somewhat while at Deluxe Tool, there was no medical opinion connecting the gradual return of the carpal tunnel-type symptoms to his job at Deluxe Tool." *Reimer v. Minnit Tool/M.I.T. Tool Corp.,* ___ Workers' Comp. Dec. ___ 1994 WL 116800 (WCCA, filed March 15, 1994). It seems to us, however, that while medical opinion is desirable, it is not essential given other reliable evidence. *Cf., Paulson v. Ceco Corp.,* 265 N.W.2d 647 (Minn.1978). Because there was evidence supporting the compensation judge's factual finding that the job was not physically suitable, we reverse the WCCA's finding to the contrary and reinstate the compensation judge's award of economic recovery compensation. *Rogholt v. Knight Electric,* 511 N.W.2d 442, 443 (Minn. 1994); *Jerde v. Adolfson and Peterson,* 484 N.W.2d 793, 795 (Minn.1992).

Reversed and award of economic recovery compensation reinstated.

Employee is awarded $400 in attorney fees.

WAHL and ANDERSON, JJ., took no part in the consideration or decision of this case.