Deartice (Mason) SANDERS, Respondent,

v.

NORTHWEST AIRLINES, INC., Kemper Risk Management Services/Kemper National Insurance Companies, Relator,

and

Medica Choice by HRI, Intervenor.

No. C7–95–2526.

Supreme Court of Minnesota.

May 9, 1996.

Pustorino, Pederson, Tilton & Perrington, P.L.L.P., Thomas J. Misurek and Jeffrey J. Lindquist, Minneapolis, for Relator.

Cloutier & Cloutier, P.A., Cortlen G. Cloutier and Kermit N. Fruechte, Minneapolis, for Respondent.

## OPINION

STRINGER, Justice.

Certiorari on the relation of Northwest Airlines and its workers' compensation liability insurer, Kemper Risk Management Services/Kemper National Insurance Companies, to review that portion of a decision of the Workers' Compensation Court of Appeals reversing a denial of temporary partial disability compensation. We reverse and reinstate the decision of the compensation judge.

Deartice (Mason) Sanders sustained a compensable low back injury, in the nature of an acute lumbosacral strain, on October 26, 1990, while working as a flight attendant for Northwest Airlines. Except for a brief attempt to return to work in a light-duty position in the summer of 1991, the employee has not returned to work for the employer. The employer/insurer paid temporary total disability benefits through March 27, 1992; and from April 3 through September 25, 1992, the employer/ insurer made periodic payments of economic recovery compensation pursuant to Minn.Stat. § 176.101, subd. 3t(b) (1994). The employee thereafter found employment at a number of jobs that paid significantly less than her preinjury wage. The compensation judge denied the employee's claim for temporary partial disability benefits, concluding that the evidence was insufficient to establish that she had sustained a reduction in earning capacity as a result of her work-related injury. In arriving at her decision, the compensation judge considered all of the medical records, including evaluations made by medical experts who felt that the employee's work injury of October 1990 had since been resolved and that any disability for which compensation was sought was unrelated to the work injury. Having thoroughly reviewed the entire record in this matter, we can only conclude that the compensation judge's factual determination had the requisite evidentiary support. *See Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54, 59–60 (Minn. 1984). While certainly there are instances in which the reversal of a compensation judge's

factual determination is warranted, we do not see this as one of them. We, therefore, reverse that portion of the decision of the Workers' Compensation Court of Appeals ordering payment of temporary partial disability benefits and reinstate the decision of the compensation judge.

Reversed and reinstated.

COYNE, Justice (dissenting).

I respectfully dissent. The decision of the Workers' Compensation Court of Appeals seems to me an eminently sensible resolution of the employee's compensation claim.

On October 26, 1990 Deartice Sanders, a flight attendant whose average weekly wage was $805.69, sustained a compensable low back injury in the nature of an acute lumbosacral strain. The compensation judge rejected the opinion of one of the employee's treating physicians that the employee had sustained a 9% permanent partial disability by reason of herniation of the disc at L5–S1 and accepted the opinion of Dr. Thomas Litman, an independent medical examiner, that the employee had attained maximum medical improvement by December 31, 1991 and that she had sustained no ratable permanent disability. Dr. Litman seemed to consider the employee to be capable of full-time employment at the time she reached MMI. Nevertheless, he recommended restrictions on lifting, bending, stooping, kneeling, squatting, climbing, and working overhead and was pessimistic about her ability to return to her preinjury job as a flight attendant. Based, no doubt, on Dr. Litman's report, the employer paid 26 weeks of economic recovery compensation pursuant to Minn.Stat. § 176.101, subd. 3t(b) (1994):

> Where an employee has suffered a personal injury for which temporary total compensation is payable but which produces no permanent partial disability and

the employee is unable to return to former employment for medical reasons attributable to the injury, the employee shall receive 26 weeks of economic recovery compensation. * * * *

The compensation judge found that the employee was unable to return to her preinjury work as a flight attendant. She found also that the employee was capable of working 40 hours per week subject to the restrictions recommended by Dr. Litman.

Apparently, the employee did not return to any kind of employment until the 26 weeks of ERC ran out in September 1992. Thereafter she worked sporadically at a variety of part-time, low-paying jobs. Understandably, the compensation judge found the employee's sporadic job search from August 1992 to July 1994 something less than diligent. It was not until the middle of August 1994—more than 2 1/2 years after attaining MMI—that the employee returned to full-time employment, but at a much lower wage than she had earned as a flight attendant.

The employer attacked the employee's claim for temporary partial disability benefits on the grounds that the employee was capable of full-time employment but that the employee had not diligently sought a full-time job and that sporadic part-time employment did not produce wages reflective of her earning capacity. The compensation judge, the WCCA, and I all agree that neither the employee's desultory search for employment nor her earnings from part-time employment justify an award of TPD benefits.

The compensation judge went on, however, to deny all TPD benefits on the ground that the employer had rebutted the presumption that actual earnings reflect earning capacity[1] by proving that the employee had not sought "appropriate full time employment within her restrictions." The WCCA quite properly determined that there was *no* evidence to sup-

---

1. *See, e.g., Mathison v. Thermal Co.,* 308 Minn. 471, 243 N.W.2d 110 (1976). Absent evidence that the employee voluntarily chooses to be underemployed, *see Hanmer v. Wes Barrette Masonry,* 403 N.W.2d 839 (Minn.1987), or testimony from a vocational expert that higher-paying jobs exist for which the employee is suited, *see Herrly v. Walser Buick,* 46 Workers' Comp. Dec. 530 (WCCA 1992), *aff'd without opinion,* 485 N.W.2d

145 (Minn. May 4, 1992), there is no basis for a finding that the presumption has been rebutted. *See also Passofaro v. Blount Constr. Co.,* 49 Workers' Comp. Dec. 535, 544 n. 12 (WCCA 1993) (testimony about hypothetical jobs paying theoretical wages does not rebut the presumption raised by actual wages), *aff'd without opinion,* 512 N.W.2d 105 (Minn. Dec. 15, 1993).

port a determination that the employee's actual earnings from full-time employment did not constitute a reliable measure of her earning capacity. In fact, the employer has not and does not now contend that the employee's earnings from her full-time employment do not accurately reflect her earning capacity.

For the foregoing reasons I would affirm the decision of the WCCA.

KEITH, Chief Justice (dissenting).

I join in the dissent of Justice Coyne.

PAGE, Justice (dissenting).

I join in the dissent of Justice Coyne.