The STATE of Ohio, Appellant,

v.

BLACK, Appellee.

[Cite as *State v. Black* (1993), 87 Ohio App.3d 724.]

Court of Appeals of Ohio,
Ross County.

No. 1879.

Decided May 18, 1993.

*Richard G. Ward,* Ross County Prosecuting Attorney, and *William H. Allyn, Jr.,* Assistant Prosecuting Attorney, for appellant.

*Deborah Douglas Barrington,* for appellee.

STEPHENSON, Judge.

This is an appeal from a judgment which denied the application of appellant, the state of Ohio, to present hearsay evidence of statements of a child victim in an abuse case, pursuant to the authority of Evid.R. 807. Appellant assigns the following error for our review:

"The trial court erred in overruling the application of the State of Ohio to present hearsay evidence of statements of the child victim pursuant to the authority of Evidence Rule 807."

The record reveals the following facts pertinent to this appeal. On September 20, 1991, appellee was indicted on one count of gross sexual imposition, in violation of R.C. 2907.05. The victim, appellee's daughter Kyna Jo Black, was three years old at the time of the alleged offense on June 9, 1991, and four years old at the time of the hearings in this matter. By entry dated April 23, 1992, the court ruled that Kyna Jo was not competent to testify.

On April 30, 1992, appellant filed its notice of intention to use hearsay statements made by the child victim pursuant to Evid.R. 807(A)(4). Subsequently, a hearing was conducted in accordance with Evid.R. 807(C). On May 11, 1992, the court denied appellant's application to present evidence under Evid.R. 807, specifically finding that the requirements of Evid.R. 807(A)(2) and (A)(3) had not been fulfilled. On that same day, appellant filed its notice of appeal and the necessary Crim.R. 12(J) certification.[1]

In its sole assignment of error, appellant asserts that the court erred in finding that the requirements of Evid.R. 807(A)(2) and (A)(3) had not been met, and that consequently, appellant would not be permitted to use hearsay statements of the alleged child victim. Evid.R. 807, effective July 1, 1991, was adopted in response to the Ohio Supreme Court's request in *State v. Boston* (1989), 46 Ohio St.3d 108, 126, 545 N.E.2d 1220, 1238, that the Ohio Supreme Court Rules Advisory Committee and the General Assembly review the evidentiary problems in child abuse cases and promulgate rules to assist the courts. Evid.R. 807 provides for the admission of out-of-court statements offered for their truth that are made by a child victim who is under the age of twelve at the time of the hearing or trial where such statements describe, *inter alia,* any sexual

---

1. We have *sua sponte* raised and considered the issue and have determined that the court's May 11, 1992 entry denying appellant's application to present evidence pursuant to Evid.R. 807 is a final appealable order. See *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141.

act performed by, with, or on the child. Evid.R. 807(A). See, also, Weissenberger, Ohio Evidence (1993) 204–3, Section 807.1. Evid.R. 807 establishes four requirements for admission: (1) the statement must be trustworthy; (2) the child's testimony must be unavailable; (3) there must be independent proof of the act; and (4) the proponent of the evidence must notify all parties at least ten days before trial that such statement will be offered in evidence. Evid.R. 807(A)(1) through (4). See, also, Staff Notes to Evid.R. 807. Under Evid.R. 807(C), the court is required to conduct a hearing on the admissibility of the evidence outside the presence of the jury and must make findings of fact on the record as to the basis for its ruling.

In its sole assignment of error, appellant asserts that the court erred in finding that the hearsay testimony was inadmissible. More specifically, appellant asserts that Kyna Jo's testimony was "not reasonably obtainable" under Evid.R. 807(A)(2) and (B) and that there was independent corroborating proof of the sexual act as required by Evid.R. 807(A)(3). We shall address each of these two contentions separately.

Evid.R. 807 provides in pertinent part:

"(B) The child's testimony is 'not reasonably obtainable by the proponent of the statement' under division (A)(2) of this rule only if one or more of the following apply:

"(1) The child refuses to testify concerning the subject matter of the statement or claims a lack of memory of the subject matter of the statement after a person trusted by the child, in the presence of the court, urges the child to both describe the acts described by the statement and to testify.

"(2) The court finds all of the following:

"(a) the child is absent from the trial or hearing;

"(b) the proponent of the statement has been unable to procure the child's attendance or testimony by process or other reasonable means despite a good faith effort to do so;

"(c) it is probable that the proponent would be unable to procure the child's testimony or attendance if the trial or hearing were delayed for a reasonable time.

"(3) The court finds both of the following:

"(a) *the child is unable to testify at the trial or hearing because of death or then existing physical or mental illness or infirmity;*

"(b) the illness or infirmity would not improve sufficiently to permit the child to testify if the trial or hearing were delayed for a reasonable time.

"The proponent of the statement has not established that the child's testimony or attendance is not reasonably obtainable if the child's refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of the statement for the purpose of preventing the child from attending or testifying." (Emphasis added.)

Appellant contends the court's finding that Kyna Jo was incompetent to testify is equivalent to a finding of unavailability under Evid.R. 807(B)(3). Specifically, appellant asserts that the child's testimony is not reasonably obtainable in that she is unable to testify at the trial or hearing because of a then-existing mental infirmity due to her tender years. We disagree.

Evid.R. 807(B) defines three circumstances that satisfy the "not reasonably obtainable" requirement of Evid.R. 807(A)(2). These circumstances are comparable to the unavailability requirements of Evid.R. 804(A), but have been modified in order to better apply to a child declarant. See Staff Notes to Evid.R. 807.

The *Boston* court stated, 46 Ohio St.3d at 114, 545 N.E.2d at 1227:

"Evid.R. 601(A) contemplates that to be competent, a witness must be able to receive a just impression of the facts, be able to recollect those impressions, be capable of communicating those impressions to others, and must understand the obligation to be truthful.

"If these tests are not met and the declarant really is incompetent, then it would seem to follow that any statement made by the declarant to another person, who is then called upon to repeat for evidentiary purposes the declarant's statement, would also be tainted by the incompetency of untruthfulness and thus would be inadmissible hearsay."

The court noted that some hearsay exceptions, such as an excited utterance (see Evid.R. 803[2]) would not require a showing of declarant's competency. However, the *Boston* court clearly considered competency of the declarant to be of paramount importance, stating that "it is important that the trial judge find that the declarant is 'unavailable' rather than incompetent." *Id.* at 114–115, 545 N.E.2d at 1228. The *Boston* court went on to recommend that the Rules Advisory Committee or the General Assembly explore the possibility of amending Evid.R. 601 in order to alleviate the problem:

"Further, to provide for the protection of children in Ohio, we recommend that the Rules Advisory Committee of this court and/or the General Assembly explore the possibility of amending Evid.R. 601 and R.C. 2317.01. Several states have already taken some action in this regard. Such amendments could be patterned after the amendments made by the states of Missouri and Utah. Under the Utah rule, '[a] child victim of sexual abuse under the age of ten is a competent witness and shall be allowed to testify without prior qualification in any judicial proceed-

ing. The trier of fact shall determine the weight and credibility of the testimony.' Utah Code Ann. 76–5–410 (1985). See Mo.Rev.Stat. 491.060(2) (1988). Such an amendment (not limited to just sexual abuse) to Evid.R. 601 would assist our courts in resolving child abuse cases." (Footnotes omitted.) *Boston, supra,* at 115, 545 N.E.2d at 1228–1229.

Evid.R. 601 was not amended (except for a minor technical change) in 1991.

■ We would further note that had the drafters of the rule intended that incompetency be included as grounds for "unavailability" under the rule, they could have, and presumably would have, done so explicitly. The expression of one thing implies the exclusion of another ("expressio unius est exclusio alterius"). See, *e.g., Green, Inc. v. Smith* (1974), 40 Ohio App.2d 30, 32, 69 O.O.2d 17, 18, 317 N.E.2d 227, 229.[2]

Because incompetency is not a basis for finding that a child declarant's testimony is "not reasonably obtainable" under Evid.R. 807(B), we hold that the trial court did not err in its finding that appellant had not met the requirement set forth in Evid.R. 807(A)(2). See *State v. Celestino* (Mar. 19, 1993), Sandusky App. No. S–91–50, unreported, 1993 WL 77002. Accordingly, appellant's first argument is without merit.

In its second argument, appellant asserts the court erred in finding it had not met the Evid.R. 807(A)(3) "independent proof" requirement. Appellant contends that the testimony of Dr. Boguslawa Hyziak was sufficient to meet the Evid.R. 807(A)(3) requirement that there be independent proof of the sexual act.

■ The Staff Notes to Evid.R. 807 explain that the independent-proof requirement of Evid.R. 807 is comparable to the independent-proof requirement of the co-conspirator exception, Evid.R. 801(D)(2)(e). Thus, while the rule does not specifically indicate the nature of the independent proof required, we may derive guidance from the co-conspirator exception, where independent proof has been subject to a "prima facie case" standard. Weissenberger, Ohio Evidence (1993) 204–8, Section 807.5. See, also, Giannelli, Ohio Evidence Manual (1992 Supp.) 62, Section 807.07; *State v. Said* (Mar. 26, 1993), Lake App. No. 92–L–018, unreported, 1993 WL 130097.

■ In the case *sub judice,* Dr. Hyziak testified that her examination of Kyna Jo had revealed three significant findings: (1) an abrasion on the righthand side of the labia; (2) labial adhesion; and (3) a skin tag near the rectum. Dr. Hyziak testified that the labial adhesion and skin tag could be normal or could be secondary to previous trauma to the area. She further testified that the abrasion

---

2. See, also, Ringland, They Must Not Speak a Useless Word–The Case For a Children's Hearsay Exception for Ohio (1987), 14 Ohio N.U.L.Rev. 213, 227.

could be caused by "any type of trauma, injury, or manipulation." Dr. Hyziak stated that these findings "could be consistent with child abuse," but that there are also other possible causes.

A review of the record reveals, and we so find, that the trial court did not err in its finding that appellant had failed to meet the independent-proof requirement. Dr. Hyziak's testimony was clearly insufficient to make a prima facie case that Kyna Jo was a victim of sexual abuse. Accordingly, appellant's sole assignment of error is overruled and the judgment is affirmed.

*Judgement affirmed.*

GREY, J., concurs.

PETER B. ABELE, J., concurs in judgment only.