THE STATE EX REL. VANOVER, APPELLANT, *v.*
EMERY WORLDWIDE ET AL., APPELLEES.

[Cite as *State ex rel. Vanover v. Emery Worldwide*
(1997), 80 Ohio St.3d 367.]

(No. 95–697—Submitted September 9, 1997—Decided December 3, 1997.)

*Hochman & Roach Co., L.P.A., Gary D. Plunkett* and *Kaila A. Cox,* for appellant.

*Thompson, Hine & Flory, Edna Scheurer* and *Sarah A. Barlage,* for appellee Emery Worldwide.

*Betty D. Montgomery,* Attorney General, and *Michael A. Vanderhorst,* Assistant Attorney General, for appellee Industrial Commission.

*Per Curiam.* R.C. 4123.56(B) reads:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds per cent of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

Supplementing the statute, Ohio Adm.Code 4121–3–32(D) provides:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation [for] wage loss pursuant to division (B) of Section 4123.56 of the Revised Code shall commence upon application with a finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

Claimant seeks compensation under Ohio Adm.Code 4121–3–32(D)(3) and claims that because she is unable to return to her former position of employment or to find other employment, she has satisfied the sole criterion for payment of wage loss. This is incorrect. Claimant must also demonstrate that she actually sought work within her capabilities. *State ex rel. Consolidated Freightways v. Engerer* (1996), 74 Ohio St.3d 241, 658 N.E.2d 278.

The job search required by Ohio Adm.Code 4121–3–32(D)(3) has an inherent qualitative component—it must be an *adequate* job search. *Consolidated Freightways.* The adequacy of a job search must be resolved on a case-by-case basis and can encompass many factors. Two of those factors stand out in this case—the number and character of job contacts.

Claimant has submitted hundreds of individually copied classified ads to which she purportedly responded. It appears easily half of those, however, were for jobs that were clearly beyond claimant's abilities either physically, academically (high school and beauty college), or in terms of required experience. This prompted the commission to find that claimant's job search was done in bad faith.

It was within the commission's discretion to find that these contacts did not go toward a good-faith search. The problem, in our eyes, with invalidating the entire search on this basis, however, is that it ignores the number of legitimate contacts that claimant did make. If half of the total contacts are bad, then half of them are good, and, in this case, half of the total is substantial. Claimant is, in

effect, being penalized for her overzealous job search, for had she simply submitted her "good" contacts, the commission may have reached a different result.

We accordingly affirm the judgment of the court of appeals and return the cause to the commission for further consideration.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.