[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 367.]

THE STATE EX REL. VANOVER, APPELLANT, *v.* EMERY WORLDWIDE ET AL.,
APPELLEES.

[Cite as *State ex rel. Vanover v. Emery Worldwide*, 1997-Ohio-109.]

*Workers' compensation—Industrial Commission's denial of application for
wage-loss compensation an abuse of discretion, when.*

(No. 95-697—Submitted September 9, 1997—Decided December 3, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD05-642.

————————————

{¶ 1} On August 3, 1991, appellant-claimant, Linda L. Vanover, was injured in the course of and arising from her employment as a cargo handler with appellee Emery Worldwide. Emery, a self-insured employer, certified her workers' compensation claim.

{¶ 2} In June 1992, claimant's physician, Dr. H. Mesghali, released claimant to return to light-duty work. Claimant returned to light-duty work at Emery, but was put on temporary layoff status a month later. Two months later, her layoff expired and claimant was terminated pursuant to company policy.

{¶ 3} On February 23, 1993, claimant applied for wage-loss compensation pursuant to R.C. 4123.56(B). Accompanying her motion was Dr. Mesghali's December 2, 1992 report, which now restricted claimant to part-time light-duty work. On March 29, 1993, Dr. Mesghali downgraded claimant to part-time sedentary work.

{¶ 4} Claimant's application was heard by a district hearing officer for appellee Industrial Commission of Ohio on April 22, 1993. At that time, claimant submitted a voluminous package of materials that purported to be her job-search log from the week of July 20, 1992 through the week of April 19, 1993. From the weeks of July 20, 1992 through January 11, 1993, claimant's log indicated that

claimant uniformly contacted three prospective employers per week. Several employers were contacted more than once. Claimant's handwritten log listed only the company's name and the person with whom claimant spoke. There is no indication of the type of contact made, whether claimant actually filled out an application, or whether claimant followed up on any of her contacts. There is also no indication of the type of position for which claimant supposedly inquired — a significant omission given that many of the types of employers contacted are not readily associated with sedentary work.

{¶ 5} Claimant's records from the week January 18, 1993 through the week of April 19, 1993 are more detailed. Claimant's contacts during that time increased to approximately fifteen per week, although, again, some of the contacts were repetitive. Claimant also submitted copies of the classified advertisements to which she responded with a resume.

{¶ 6} The district hearing officer denied claimant's motion:

"This denial is based upon the finding that claimant did not undertake a good faith effort to find employment within the medical activity restrictions caused by the conditions allowed in this claim. No evidence was presented as to places where claimant sought employment, other than with Emery Worldwide. O.R.C. 4123.56(B) provides for payment for obtaining work and/or seeking work other than the former position of empoyment [*sic*], within the claimant's medical restrictions. * * *"

{¶ 7} Claimant timely appealed. At the October 6, 1993 regional board hearing, claimant submitted her job-search records since the week of April 26, 1993. Again, these consisted of copies of want ads to which claimant claimed she had responded.

{¶ 8} The regional board modified the district hearing officer's order as follows:

"[T]he District Hearing Officer's order dated 4-22-93 is modified to the extent that claimant has presented evidence of an extensive job search. However, the Regional Board finds that claimant's job search was not made in good faith as she has sought numerous positions which are not within her medical restrictions and/or for which she is not qualified. This order is based on reports [*sic*] of Dr. Mesghali. The order is affirmed in all other respects."

{¶ 9} Further appeal was denied.

{¶ 10} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying her application for wage-loss compensation. The court ordered the commission to vacate its order and to issue a new order analyzing the evidence and explaining why the job search was inadequate.

{¶ 11} This cause is now before the court upon an appeal as of right.

_____

*Hochman & Roach Co., L.P.A., Gary D. Plunkett* and *Kaila A. Cox*, for appellant.

*Thompson, Hine & Flory, Edna Scheurer* and *Sarah A. Barlage*, for appellee Emery Worldwide.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellee Industrial Commission.

_____

*Per Curiam.*

{¶ 12} R.C. 4123.56(B) reads:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and

two-thirds per cent of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

**{¶ 13}** Supplementing the statute, Ohio Adm.Code 4121-3-32(D) provides:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation [for] wage loss pursuant to division (B) of Section 4123.56 of the Revised Code shall commence upon application with a finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

**{¶ 14}** Claimant seeks compensation under Ohio Adm.Code 4121-3-32(D)(3) and claims that because she is unable to return to her former position of employment or to find other employment, she has satisfied the sole criterion for payment of wage loss. This is incorrect. Claimant must also demonstrate that she actually sought work within her capabilities. *State ex rel. Consolidated Freightways v. Engerer* (1996), 74 Ohio St.3d 241, 658 N.E.2d 278.

**{¶ 15}** The job search required by Ohio Adm.Code 4121-3-32(D)(3) has an inherent qualitative component—it must be an *adequate* job search. *Consolidated Freightways*. The adequacy of a job search must be resolved on a case-by-case basis and can encompass many factors. Two of those factors stand out in this case—the number and character of job contacts.

**{¶ 16}** Claimant has submitted hundreds of individually copied classified ads to which she purportedly responded. It appears easily half of those, however,

were for jobs that were clearly beyond claimant's abilities either physically, academically (high school and beauty college), or in terms of required experience. This prompted the commission to find that claimant's job search was done in bad faith.

{¶ 17} It was within the commission's discretion to find that these contacts did not go toward a good-faith search. The problem, in our eyes, with invalidating the entire search on this basis, however, is that it ignores the number of legitimate contacts that claimant did make. If half of the total contacts are bad, then half of them are good, and, in this case, half of the total is substantial. Claimant is, in effect, being penalized for her overzealous job search, for had she simply submitted her "good" contacts, the commission may have reached a different result.

{¶ 18} We accordingly affirm the judgment of the court of appeals and return the cause to the commission for further consideration.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____