**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 1206.]**

THE STATE OF OHIO, APPELLEE, *v.* CARDOSI, A.K.A. CORDOSI, APPELLANT.

[Cite as *State v. Cardosi*, 1998-Ohio-133.]

*Certification of conflict dismissed as improvidently allowed.*

(No. 97-688—Submitted March 3, 1998—Decided September 16, 1998.)

CERTIFIED by the Court of Appeals for Clark County, No. 95-CA-0126.

––––––––––––––––––

*Suzanne M. Luthe*, Clark County Assistant Prosecuting Attorney, for appellee.

*Noel Edward Kaech*, Clark County Assistant Public Defender, for appellant.

*Betty D. Montgomery*, Attorney General, *Jeffrey S. Sutton*, State Solicitor, *Simon B. Karas*, Deputy Chief Counsel, and *Alice Robinson-Bond*, Assistant Attorney General, urging affirmance for *amicus curiae*, Attorney General.

––––––––––––––––––

**{¶ 1}** The certification of conflict is dismissed, *sua sponte*, as having been improvidently allowed.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

––––––––––––––––––

**COOK, J., dissenting.**

**{¶ 2}** I must respectfully dissent from the majority's decision to dismiss this case as improvidently allowed. I believe we should, in accordance with our rules, resolve the conflict between the evidentiary rulings in this case and in *State v. Black* (1993), 87 Ohio App.3d 724, 622 N.E.2d 1166.

**{¶ 3}** The issue certified to this court by the Second District Court of Appeals is "[w]hether a finding pursuant to Evid.R. 601(A) that a child under ten years of age is incompetent to testify at trial makes that child's testimony 'not

reasonably obtainable' for purposes of Evid.R. 80[7](A)(2) under the standards set out in Evid.R. 807(B)(2) * * *." See *State v. Cardosi* (1997), 78 Ohio St.3d 1494, 678 N.E.2d 1230.

{¶ 4} In *Black*, the Fourth District Court of Appeals affirmed the judgment of the trial court denying the state's application to present hearsay testimony pursuant to Evid.R. 807, by reasoning that admissibility of testimony under 807(A)(2) based on the child's testimony being "not reasonably obtainable" is not triggered where there is a finding that the child-victim is incompetent to testify at trial. 87 Ohio App.3d at 728-729, 622 N.E.2d at 1169.

{¶ 5} By contrast, in Cardosi's case the Second District Court of Appeals affirmed the judgment of the trial court admitting hearsay evidence of the child's statements, stating that "[t]he condition of absence prescribed in [Evid.R. 807] * * * applies to any substantial impediment to the child's appearance as a witness in the proceeding. Certainly a finding of incompetency does just that. Therefore, when a court finds that a child is not competent to be a witness her testimony is 'not reasonably obtainable' pursuant to Evid.R. 807(B)(2)." *State v. Cardosi* (Jan. 17, 1997), Clark App. No. 95-CA-0126, unreported, 1997 WL 52924.

{¶ 6} Because these two districts differ on the same legal point, this court should resolve that difference of opinion. Had we done so, my view would have been that the admissibility problem was properly analyzed by the *Black* court.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

———————————