[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 280.]

THE STATE EX REL. HARSCH, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Harsch v. Indus. Comm.*, 1998-Ohio-133.]

*Workers' compensation—Denial of wage loss compensation by Industrial Commission—Adequate job search is prerequisite to eligibility—Cause returned to commission for further consideration and an amended order when specificity requirements of State ex rel. Noll not complied with.*

(No. 95-2131—Submitted June 24, 1998—Decided September 30, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD09-1382.

————————————

*Raymond J. Tisone* and *E. Gary Seigerst*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellee Industrial Commission.

*Manchester, Bennett, Powers & Ullman, C. Scott Lanz* and *Joseph R. Young, Jr.*, for appellee LTV Steel Co.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, urging reversal for *amicus curiae,* AFL-CIO.

————————————

*Per Curiam.*

{¶ 1} Appellant, Lorenzo Harsch, seeks a writ of mandamus compelling appellee Industrial Commission of Ohio ("commission") to vacate its order denying his application for R.C. 4123.56(B) wage loss compensation and to grant this relief. The commission denied this compensation after determining that Harsch had not pursued employment within his medical capabilities in good faith and, thus, did not qualify. The Court of Appeals for Franklin County refused the writ, holding that

the commission's decision was not an abuse of discretion. The cause is now before this court upon appeal as of right.

**{¶ 2}** Harsch injured his back in 1988 while working for appellee LTV Steel Company ("LTV Steel"). His workers' compensation claim was allowed for "[a]cute right dorsal, lumbar strain; herniated nucleus pulposis L-5-S1, right." On March 16, 1993, he applied for wage loss compensation for a period he would later change to January 4, 1993 through August 2, 1993. Harsch was unemployed during this period. The commission denied Harsch's application based on the findings of its district hearing officer, mainly:

"It is the finding of the District Hearing Officer that wage loss compensation is specifically denied from 1/4/93 through 8/2/93. Claimant has not demonstrated a good faith job search consistent with his physical capabilities. Claimant only averaged five or less job searches per week during this period."

**{¶ 3}** Harsch asserts his eligibility for wage loss compensation under R.C. 4123.56(B), which provides:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds per cent of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

**{¶ 4}** Corresponding former Ohio Adm.Code 4121-3-32(D) provided, in part:

" * * * [T]he payment of compensation or wage loss pursuant to division (B) of section 4123.56 of the Revised Code shall commence upon application with a finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss;

"(2) The employee returns to his former position of employment but suffers a wage loss;

"(3) The employee, as a direct result of the allowed conditions of his claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

{¶ 5} In his first arguments for reversal, Harsch maintains that a good-faith search for employment within his medical capabilities is not necessary to qualify for wage loss compensation under these laws. We, however, recently confirmed that an adequate job search *is* a prerequisite to eligibility for this compensation. In *State ex rel. Vanover v. Emery Worldwide* (1997), 80 Ohio St.3d 367, 369, 686 N.E.2d 518, 520, we held:

"The job search required by Ohio Adm.Code 4121-3-32(D)(3) has an inherent qualitative component—it must be an *adequate* job search. [*State ex rel.*] *Consolidated Freightways* [*v. Engerer* (1996), 74 Ohio St.3d 241, 658 N.E.2d 278]. The adequacy of a job search must be resolved on a case-by-case basis and can encompass many factors. Two of those factors * * * [are] the number and character of job contacts." (Emphasis *sic*.)

{¶ 6} In *Vanover*, we specifically observed that "[i]t was within the commission's discretion to find that these contacts did not go toward a good-faith [job] search." *Id*. at 369, 686 N.E.2d at 521. Accordingly, we reject Harsch's arguments to the contrary.

{¶ 7} But in his last argument for reversal, Harsch alternatively contends that the commission did not comply with the specificity requirements of *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. The commission found Harsch's job search inadequate because he consistently

contacted only five employers per week, ordinarily only one each day, during the period for which he purportedly could find no work commensurate with his physical condition. We agree that this explanation is too brief to justify the denial of wage loss compensation. A denial of a claim without some explanation as to why the claimant's persistent job search is insufficient provides a reviewing court no basis upon which to determine why the commission decided to withhold benefits. Indeed, absent evidence and an explanation as to whether the commission considered the claimant incredible, or a malingerer, or had another reason for discounting his efforts, his daily inquiries for employment can hardly represent a lack of good faith.

{¶ 8} Accordingly, the court of appeals' judgment denying the requested writ of mandamus is reversed and a writ returning this cause to the commission for further consideration and an amended order is granted.

*Judgment reversed*
*and writ granted.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**COOK, J., dissenting.**

{¶ 9} The majority holds that the commission's explanation for denying wage loss compensation is insufficiently explicit because it did not specify why Harsch's "persistent" job search constituted an inadequate job search. I am not so confounded by the commission's order. The evidence indicates that Harsch turned in an application or resume for five or so jobs per week, only one on any given day, from January 4, 1993 through August 2, 1993. Almost exclusively, he contacted employers that could offer him unskilled or minimally skilled work—fast food restaurants, furniture, clothing, and carpeting stores, gas stations, etc. Plainly, the commission was dissatisfied with Harsch's lack of industriousness because it

lamented that he contacted, on average, "only * * * five or [fewer]" of these employers per week. This statement represents the conclusion that Harsch failed to diligently seek employment in good faith or, stated differently, that the commission considered Harsch a malingerer—precisely the explanation for which the court today returns this cause for the commission to reproduce.

{¶ 10} We have routinely proclaimed the commission the exclusive evaluator of evidentiary weight and disability. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 20-21, 31 OBR 70, 72, 508 N.E.2d 936, 938; *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 376, 658 N.E.2d 1055, 1058; *State ex rel. Jackson v. Indus. Comm.* (1997), 79 Ohio St.3d 266, 268, 680 N.E.2d 1233, 1235; and *State ex rel. Chrysler Corp. v. Indus. Comm.* (1998), 81 Ohio St.3d 158, 166, 689 N.E.2d 951, 957. We have routinely pledged to sustain the commission's decisions when based on "some evidence" of record, and we have similarly promised to resist any temptation to second-guess or micromanage the commission. *Burley, id.; Pass, id.; State ex rel. Mobley v. Indus. Comm.* (1997), 78 Ohio St.3d 579, 584, 679 N.E.2d 300, 305; *Chrysler, id.* Yet in ruling as the majority does today, this court perpetuates the myth that it is not a "super" commission, surreptitiously demanding that the commission either grant compensation or justify the denial to its satisfaction. See *State ex rel. Consolidation Coal Co. v. Indus. Comm.* (1997), 78 Ohio St.3d 176, 177, 677 N.E.2d 338, 341.

{¶ 11} Evidence exists in this record to substantiate the commission's stated reason for denying wage loss compensation. The order thus manifests no abuse of discretion and cannot be disturbed in mandamus. Accordingly, I dissent and would affirm the court of appeals' judgment denying the writ.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

————————————