[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 225.]

THE STATE EX REL. STAFFORD, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Stafford v. Indus. Comm.*, 1998-Ohio-322.]

*Workers' compensation—Application for wage-loss compensation denied by Industrial Commission—Commission ordered to reconsider issue of good-faith job search, vacate those portions of the wage-loss compensation denial predicated on employment abandonment, and enter a new order granting or denying the benefits requested, when.*

(No. 96-1298—Submitted October 12, 1998—Decided December 30, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD05-627.

_____

{¶ 1} On September 2, 1992, appellee-claimant, Anita Stafford, alleged that she had contracted an occupational disease in the course of her employment with appellant Evenflo Juvenile Furniture Company ("Evenflo"). A workers' compensation claim was allowed, and she received temporary total disability compensation through October 12, 1992.

{¶ 2} After October 12, 1992, the facts become cloudy. A district hearing officer indicated in a November 23, 1992 order that claimant was "released to return to work on 10-13-92." While it is unclear to what work claimant was released to perform, the parties seem to agree that claimant was released with physical restrictions that prevented a return to her former position of employment.

{¶ 3} An affidavit from Evenflo's Human Resource Supervisor, Anna Marie Stover, indicates that at the time of claimant's release, Evenflo offered claimant a job within her physical restrictions. According to Stover, claimant refused to take the third-shift job and requested a voluntary layoff instead.

**{¶ 4}** Claimant's activities over the next year are not known. On October 8, 1993, claimant's counsel wrote to Evenflo's agent, stating that claimant wished to return to Evenflo. At the same time, however, Evenflo notified claimant that because she had been absent from Evenflo for a year, company policy mandated termination.

**{¶ 5}** On approximately February 7, 1994, claimant began working for Ecofab, Inc. She continued there until approximately April 23, 1994. From that point, she remained unemployed until approximately July 2, 1994, at which time she began working for The Sidney Leader.

**{¶ 6}** Claimant moved appellant Industrial Commission of Ohio for wage-loss compensation pursuant to R.C. 4123.56(B) for various periods commencing October 19, 1993. She claimed complete wage loss for her periods of unemployment, and wage differential for the periods in which she was working but making less than she had at Evenflo.

**{¶ 7}** A district hearing officer, on September 23, 1994, denied claimant's motion because:

"[T]he Self-Insured Employer offered the Claimant a position of employment in August, 1992, in the company within the Claimant's physical restrictions and capabilities which resulted from the industrial injury. The Hearing Officer further finds that on 10/12/92, the Claimant took a voluntary layoff from her employment per the written form submitted at hearing. The Claimant's request for voluntary layoff on 10/12/92 of her former position of employment is considered to be abandonment.

"Therefore, the Hearing Officer finds that the Claimant has forfeited her entitlement to Wage Loss Compensation based upon her abandonment of employment."

**{¶ 8}** A staff hearing officer modified the order slightly, on January 9, 1995, adding:

2

"It is further found by the Staff Hearing Officer that claimant has not perfomred [*sic* ] a credible job-search for [a] position within her medical restriction nor does evidence opine [that] claimant's inability to find employment, or return to positions other than her former position of employment is due to medical restrictions arising from the occupational disease contracted in the course of her employment.

"In all other respects the District Hearing Officer's order is affirmed."

{¶ 9} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying wage-loss compensation. The court of appeals returned the cause for further consideration of the job-search issue, and ordered the commission to vacate those portions of the wage-loss compensation denial predicated on employment abandonment and enter a new order granting or denying the benefits requested.

{¶ 10} This cause is now before this court upon appeals as of right.

—————————————

*Hochman & Roach Co., L.P.A.*, and *Theresa M. Muhic*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellant Industrial Commission.

*Buckley, King & Bluso Co., L.P.A., Timothy D. Wood, Thomas C. Drabick, Jr.* and *Richard D. Brown*, for appellant Evenflo Juvenile Furniture Co.

—————————————

*Per Curiam.*

{¶ 11} Claimant seeks wage-loss compensation for periods during which she was either unemployed or working but making less than she had at Evenflo.

{¶ 12} No one disputes that claimant made less after she left Evenflo. No one disputes the validity of claimant's physical restrictions or their prohibitive effect on a return to the former position of employment. Appellants instead oppose

payment on two grounds: voluntary abandonment and a lack of a good-faith job search.

{¶ 13} Appellants initially assert that claimant abandoned her job at Evenflo for reasons unrelated to her injury, breaking the causal connection between injury and diminished wages. Wage-loss benefits, however, are not barred simply because a claimant is no longer employed at the company at which he/she was injured, regardless of whether that separation was employee-induced. "R.C. 4123.56(B) does *not* tie an injured worker's right to wage loss compensation to the continued possibility of future employment at the job where injury occurred." (Emphasis *sic.*) *State ex rel. McGonegle v. Indus. Comm.* (1996), 76 Ohio St.3d 272, 278, 667 N.E.2d 392, 396. Or, as we even more recently held in *State ex rel. Frederick v. Licking Cty. Dept. of Human Serv.* (1998), 82 Ohio St.3d 227, 230, 694 N.E.2d 1350, 1353, "[W]here a claimant is medically precluded due to industrial injury from executing any or all former job duties, the fact that the claimant's position is abolished is of no consequence to her wage loss eligibility. * * * As long as medical impediments to performance exist, the injury continues to generate the disability that may produce a wage loss." (Citation omitted.)

{¶ 14} In this case, claimant is medically precluded from doing her former duties. She is not, therefore, foreclosed from attempting to establish her eligibility for these benefits.

{¶ 15} Turning to appellants' second argument, we recognize the necessity of a good-faith job search in situations where a claimant is alleging an inability to secure any alternate employment due to injury. *State ex rel. Consolidated Freightways v. Engerer* (1996), 74 Ohio St.3d 241, 658 N.E.2d 278; *State ex rel. Vanover v. Emery Worldwide* (1997), 80 Ohio St.3d 367, 686 N.E.2d 518. The present claimant made a job search over the periods in question, and her records purport contact with hundreds of employers. The commission, without explanation, however, found that this search was not in good faith. We find that

this lack of explanation violates our recent decision in *State ex rel. Harsch v. Indus. Comm.* (1998), 83 Ohio St.3d 280, 699 N.E.2d 503, and merits a return for further consideration and amended order.

{¶ 16} The judgment of the court of appeals is affirmed, and the commission is ordered to reconsider the issue of a good-faith job search, to vacate those portions of the wage-loss compensation denial predicated on employment abandonment, and to enter a new order granting or denying the benefits requested.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____