THE STATE EX REL. BOWEN, APPELLEE, *v.* DO IT BEST CORPORATION, APPELLANT; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Bowen v. Do It Best Corp.,*
101 Ohio St.3d 392, 2004-Ohio-1670.]

(No. 2003–1158—Submitted January 12, 2004—Decided April 14, 2004.)

———————

**Per Curiam.**

{¶ 1} Appellee-claimant Renee M. Bowen in a work-related accident injured her back on May 31, 2000, resulting in a compensable workers' compensation

claim. At the time, claimant was working for appellant Do It Best Corporation ("DIBC"), making $12.52 an hour.

{¶ 2} On March 12, 2001, she began working for Spherion Staffing at $9.00 an hour. Over the next five weeks she worked 40, 38.5, 31.5, 39.75, and 36.75 hours per week. On April 14, 2001, work assignments from Spherion ceased, and the claimant moved to Integrity Staffing Services for $8.00 an hour. From April 14, 2001, through September 2, 2001, claimant generally worked about 20 hours per week. From September 3, 2001, through November 4, 2001, claimant worked close to full-time or more. November 11, 2001, through January 10, 2002, saw claimant work a high of 37.5 hours and a low of 16.75 hours per week.

{¶ 3} Claimant first applied for wage-loss compensation on July 6, 2001, seeking compensation from March 12, 2001, to "present." She submitted the June 26, 2001 report of Dr. Marc Miller, D.C. Based on a July 19, 2000 exam, his medical restrictions permitted some moderate work and full-time sedentary work. Commenting on the duration of these restrictions, he stated that "as the direct cause of the pain cannot be found, it is difficult to [illegible] time for recovery."

{¶ 4} A staff hearing officer for appellee Industrial Commission of Ohio affirmed the district hearing officer's denial of wage-loss compensation from March 12, 2001, through July 15, 2001, for failure to show a causal relationship between claimant's injury and her diminished earnings. She cited the absence of medical evidence limiting claimant to part-time work and of evidence of an unsuccessful job search for full-time employment. Claimant responded with an appeal to the commission and five handwritten pages of "job search progress." The latter listed 14 employers to whom she claimed to have sent resumes. That list contained no dates as to when those resumes were sent. The same is true for the alleged job interviews listed. The commission denied further appeal.

{¶ 5} Claimant reapplied for wage-loss compensation on January 16, 2002, seeking benefits from July 15, 2001, through January 10, 2002. She submitted evidence of other claimed job contacts, which predated the period in question. Again, wage-loss compensation was denied:

{¶ 6} "The wage loss request for periods 7/16/2001 to 8/30/2001 is denied as the claimant did not submit any documentation of a good faith effort to search for employment to supplement her part time position. * * * [W]age loss compensation for the period 9/01/2001 to 1/10/2002 is also denied. The Hearing Officer finds that the only medical documentation involving restrictions to the claimant indicates a period of 6/26/2001. The Hearing Officer finds that the claimant has not conformed to Ohio Revised [sic, Administrative] Code 4125.1–01 subsection C3 which indicates that supplemental medical reports regarding the ongoing status of the medical restrictions causally related to the allowed conditions in the claim must be submitted to the Bureau of Workers' Compensation once every 90

days after the initial application. The Staff Hearing Officer finds that the last document indicating the claimant's restrictions was 6/26/2001. Therefore, the requested period 9/01/2001 through 1/10/2002 is denied."

{¶ 7} Claimant petitioned the Court of Appeals for Franklin County for a writ of mandamus, alleging an abuse of discretion in the denial of wage-loss compensation. The court issued a limited writ that ordered the commission to reconsider claimant's application and issue an amended order, after finding both an incomplete analysis and improper reliance on Ohio Adm.Code 4125–1–01(C)(3).

{¶ 8} The cause is now before this court upon an appeal as of right.

{¶ 9} It is undisputed that claimant (1) is medically incapable of returning to her former position of employment, (2) is medically capable of full-time sedentary work, and (3) sustained a wage loss over the contested period. At issue is the existence of a causal relationship between claimant's wage loss and her allowed conditions.

{¶ 10} The commission said that there was no connection, either due to insufficient medical evidence or an inadequate job search and thus found that claimant had failed to prove that she had not voluntarily limited her hours and income. The court of appeals found several flaws in that reasoning and ordered further consideration. With one exception, we affirm its judgment.

{¶ 11} For the period March 12, 2001, through July 15, 2001, the commission denied wage-loss compensation after finding that claimant had not shown that she had not voluntarily limited her hours and income. See *State ex rel. Ooten v. Siegel Interior Specialists Co.* (1998), 84 Ohio St.3d 255, 703 N.E.2d 306.

{¶ 12} It based this conclusion on (1) claimant's medical capacity for full-time work, (2) her failure to work more than four hours per day, and (3) a job search deemed inadequate to establish an injury-induced inability to perform full-time work.

{¶ 13} The most obvious flaw in this reasoning affects the period March 12, 2001, through April 15, 2001. Over these five weeks, claimant worked 40, 38.5, 32.5, 39.75, and 36.75 hours per week—far exceeding the four hours per day cited by the commission. This constituted substantially full-time work. The commission, therefore, abused its discretion in categorizing this period as part-time and a voluntary limitation of hours.

{¶ 14} The commission did not err in characterizing claimant's work from April 16, 2001, through July 15, 2001, as part-time. For the weeks ending on April 22, 2001, and June 3, 2001, there is no evidence of work. For the week ending April 29, 2001, claimant worked only eight hours. During the balance, she worked as little as 21.25 hours and at most 27.75 hours.

{¶ 15} The commission also did not abuse its discretion in finding an inadequate job search. Most of claimant's claimed job contacts predated the period in question or were undated, which renders them useless. Additionally, many entries did not identify the position for which claimant allegedly applied. This is critical because positions beyond claimant's vocational or academic qualifications cannot count toward a good-faith job search. *State ex rel. Vanover v. Emery Worldwide* (1997), 80 Ohio St.3d 367, 686 N.E.2d 518.

{¶ 16} The court of appeals, adopting the report of its magistrate, concurred with these findings. It was troubled, however, by Ohio Adm.Code 4125–1–01(F)(3)(b), which reads:

{¶ 17} "If the adjudicator finds that the claimant has returned to employment but has voluntarily limited the number of hours which he is working, and that the claimant is nonetheless entitled to wage loss compensation, the adjudicator, for each week of wage loss compensation requested by the claimant, shall determine: the number of hours worked by the claimant and the employment position to which he has returned, and the hourly wage earned by the claimant in the employment position to which he has returned. In such a case, the adjudicator shall order wage loss compensation to be paid * * *."

{¶ 18} DIBC believes that the provision does not apply. Quoting the section, it contends that the section is triggered only by a commission ruling that "the claimant is nonetheless entitled to wage loss compensation." DIBC argues that because claimant was found ineligible for wage-loss compensation, any alternative computation factoring limited hours is preempted. The difficulty with this position is that eligibility cannot be arbitrarily decided. As the court of appeals observed, there must be some explanation after a finding of voluntary reduction of work hours as to why a claimant either was or was not adjudicated as eligible for wage-loss compensation. Because no explanation was given, the court of appeals' decision to order the commission to reconsider the matter and issue a new order was not error.

{¶ 19} Turning to the second period of compensation requested, the commission denied wage-loss compensation from July 15, 2001, through January 10, 2002, relying on an inadequate job search as well as deficiencies in the medical evidence.

{¶ 20} The commission denied the part-time period from July 16, 2001, through August 30, 2001, after finding an inadequate job search. Since claimant again submitted defective evidence, the commission's conclusion was not an abuse of discretion. Again, however, the denial of wage-loss compensation that followed did not take into account Ohio Adm.Code 4125–1–01(F)(3)(b), necessitating further consideration by the commission. This is also true for the part-time periods

November 11, 2001, through November 25, 2001, and December 9, 2001, through January 10, 2002.

{¶ 21} Wage-loss compensation was also denied from September 1, 2001, through January 10, 2002, based on claimant's failure—following Dr. Miller's June 26, 2001 report—to submit updated medical evidence as required by Ohio Adm.Code 4125–1–01(C)(3):

{¶ 22} "Supplemental medical reports regarding the ongoing status of the medical restrictions causally related to the allowed conditions in the claim must be submitted to the bureau of workers' compensation * * * once during every ninety day period after the initial application, if the restrictions are temporary, or once during every one hundred eighty day period after the initial application, if the medical restrictions are permanent."

{¶ 23} The court of appeals held that because claimant applied for compensation retroactively, the requirement of 90–day contemporaneous updates could not be applied.

{¶ 24} The purpose of Ohio Adm.Code 4125–1–01(C)(3) is clear in requiring current medical evidence to sustain an ongoing award. As the court of appeals alluded, however, the requirement is more opaque when dealing with a retroactive compensation request, and thus we refuse to disqualify the medical evidence solely on this basis. We agree instead with the court of appeals' conclusion that further consideration of the medical evidence is appropriate, particularly given the district hearing officer's lone citation of a report by a Dr. Reilly, which we cannot find in the record.

{¶ 25} Accordingly, that portion of the court of appeals' judgment that ordered the commission to reconsider wage-loss compensation from March 12, 2001, through April 15, 2001, is reversed. The balance of the judgment is affirmed.

Judgment reversed in part
and affirmed in part.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Porter, Wright, Morris & Arthur, L.L.P., Fred J. Pompeani and Lisa A. Reid, for appellant.