[Cite as *In re M.R.*, 2011-Ohio-6654.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97109**

## IN RE: M.R., ET AL.
## A Minor Child

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-09901822, AD-09901825, and AD-09901827

**BEFORE:** Sweeney, J., Blackmon, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** December 22, 2011

**ATTORNEY FOR APPELLANT**

Patrick S. Lavelle, Esq.
Van Sweringen Arcade
123 West Prospect Avenue, Suite 250
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEES**

Amy Carson, Esq.
Assistant County Prosecutor
C.C.D.C.F.S.
8111 Quincy Avenue
Cleveland, Ohio 44104

Charles J. Consiglio, Esq.
850 Euclid Avenue
801 Citizens Building
Cleveland, Ohio 44114

Theodore A. Amata, Esq.
P.O. Box 93332
Cleveland, Ohio 44101

JAMES J. SWEENEY, J.:

{¶ 1}  Appellant A.S. ("mother") appeals the court's granting permanent custody of her three minor children to the Cuyahoga County Department of Children and Family Services ("CCDCFS").  After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2}  On February 6, 2009, CCDCFS filed a motion for emergency temporary

custody of mother's three children: M.R., who was born on May 13, 2002; K.R., who was born on July 15, 2003; and W.R., who was born on February 11, 2007. The basis of the county's involvement in this case is not in dispute — mother suffers from chronic drug addiction, has no stable home, has mental health issues, and lacks adequate parenting skills. Additionally, she has a history of domestic violence with the children's father, who is not a party to this appeal.

{¶ 3} The court granted CCDCFS's motion for temporary custody, and all three children have been living in the same foster home since February 12, 2009. Mother was put on a case plan with the goal of reunification with her children. However, mother did not make satisfactory progress on her case plan. For example, she continued to abuse drugs, failed to secure housing, and served a nine month prison term for felony convictions.

{¶ 4} On March 1, 2010, CCDCFS filed a motion for permanent custody of the children. Throughout these proceedings, the children were represented by a guardian ad litem ("the GAL"), who also served as their attorney. On September 16, 2010, the GAL filed a report recommending that permanent custody of the children be granted to CCDCFS. On September 28, 2010, the court conducted an in camera interview of the children. The court held a three-day custody hearing in April of 2011, at which the GAL testified. On June 29, 2011, the court granted permanent custody of the children to CCDCFS.

**{¶ 5}** Mother appeals the termination of her parental rights; however, she does not dispute that immediate reunification was inappropriate. Rather, at issue in this appeal is whether an attorney other than the GAL should have been appointed to represent the minors because of a conflict of interest.

**{¶ 6}** Mother raises one assignment of error for our review.

**{¶ 7}** "I. The lower court erred when it failed to assign independent counsel for the minor children."

**{¶ 8}** The Ohio Supreme Court has determined that, pursuant to R.C. 2151.352, "a juvenile has a right to counsel in a proceeding to terminate parental rights * * *. [C]ourts should make a determination, on a case-by-case basis, whether the child actually needs independent counsel, taking into account the maturity of the child and the possibility of the child's guardian ad litem being appointed to represent the child." *In re Williams*, 101 Ohio St.3d 395, 2004-Ohio-1500, 805 N.E.2d 1110, ¶17.

**{¶ 9}** Additionally, R.C. 2151.281(H) provides that "[i]f the guardian ad litem for [the] child is an attorney admitted to the practice of law in this state, the guardian ad litem also may serve as counsel to the ward. * * * [I]f a person is serving as guardian ad litem and counsel for a child and either that person or the court finds that a conflict may exist between the person's roles as guardian ad litem and as counsel, the court shall relieve the person of duties as guardian ad litem and appoint someone else as guardian ad litem for the child."

{¶ 10} This conflict of interest was explained in *In re Baby Girl Baxter* (1985), 17 Ohio St.3d 229, 232, 479 N.E.2d 257: "The role of guardian ad litem is to investigate the [child's] situation and then to ask the court to do what that guardian feels is in the [child's] best interest.   The role of the attorney is to zealously represent his client within the bounds of the law."

{¶ 11} In the instant case, mother argues the conflict arose when the GAL recommended that the motion to terminate parental rights be granted, despite evidence in the record that the children expressly stated they wished to remain with mother. According to mother, the evidence of the children's wishes is found in the GAL's testimony.

{¶ 12} Upon review of the GAL's testimony, we find no conflict of interest in that the children did not expressly state to the GAL that they wished to remain with their mother.   The GAL unequivocally recommended that custody of the children be granted to CCDCFS.   However, the GAL also testified that there was a bond between mother and children, but the children were aware that mother was not "ready to take them home."   For example, the children knew that mother was in "programs" and that she had "problems with the law."

{¶ 13} In two interviews, the children represented to the GAL that mother would be their "first alternative," if and when she was ready to take them back.   According to the GAL, the children's facial expressions would become "very downcast [with] no eye

contact" when they stated that mother has been telling them that she will be ready "for a long time."

{¶ 14} Additionally, the GAL testified that he discussed with the children the probability that mother may not be ready by the time the judge had to make a decision. The GAL asked the children how they would feel if they were placed for adoption with their foster parents. M.R. answered collectively, "Well, that's okay, too."

{¶ 15} The Fifth District Court of Appeals of Ohio reviewed a case similar to the one at hand and found no conflict of interest with the guardian ad litem, and thus, no reason to appoint independent counsel. In *In re K.K. & D.C.*, Licking App. No. 09-CA-93, 2009-Ohio-5887, one of the children "expressed a desire to return to his mother's home," but the guardian ad litem felt that the child "did not want to hurt his mother" and wanted to "play with his cousins." The child then told the guardian ad litem that "if he could not go home he wished to remain with the foster family, and consider them as his own family." Id. at ¶11. On appeal, the court held that "the child did not consistently express a desire to return to appellant." Id. at ¶15.

{¶ 16} Accordingly, we find no error in the court's allowing the GAL to act as counsel to the children because there was no conflict of interest between the two roles. Mother's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, P.J., and
KENNETH A. ROCCO, J., CONCUR