MINER, Judge.
The issue presented in this workers’ compensation appeal is whether the deputy commissioner (dc) erred in awarding the claimant wage loss benefits from January 1986 through December of 1987. We concur in the position urged by appellant and therefore reverse.
Claimant, a salesclerk for Wal-Mart, suffered a compensable injury on September 25, 1984, when a battery fell from a dolly and injured her foot. She visited a walk-in medical clinic where x-rays were taken. No fractures were noted and she was diagnosed as having suffered a soft tissue injury. Subsequently, she was treated by an orthopedic surgeon who referred her to'a neurologist for evaluation. Neither of these physicians could find objective evidence of any abnormality and in May of 1985 her orthopedic surgeon, Dr. Marsh, cleared claimant for return to work as a salesclerk with a minimal impairment rating and restrictions tied only to her “comfort”. During her eleven month absence from work she was paid compensation benefits.
Shortly after returning to work in August of 1985, claimant quit her job, stating in her resignation letter:
I wish to offer my resignation effective immediately. The reason for this is the fact that I was hired for daytime work, and before I was hurt at Wal-Mart and went on Workmen’s Comp I was working 9-5 or 8-4 Monday-Friday and now I’m being assigned two evenings and one weekend day to work. This is not possible as I am a single parent and I also have a part-time business on weekends.
After leaving her job at Wal-Mart, claimant contracted hepatitis and later underwent gall bladder surgery. She did not begin working again until January 1986 at which time she began selling Avon products out of her home. She continued to sell Avon on commission without searching for other employment throughout the period for which wage loss is requested.
On February 9, 1988, claimant filed a request for wage loss benefits. The employer/carrier (e/e) opposed the claim urging that claimant had voluntarily limited her income. A hearing was convened on April 13 at which hearing wage loss forms listing claimant’s Avon earnings for the period in dispute were received in evidence. She testified that she put in at least 40 hours per week selling Avon and that her $25 a week earnings were low because the soft tissue injury she suffered some three and one-half years earlier prevented her from walking house-to-house to get more customers. She testified further that she could not walk more than a block without suffering pain but that, despite this limitation, she had recently been made a “team captain” in the Avon hierarchy and asked to take assistant manager’s training.
Responding to questions from e/c’s counsel, claimant denied that the discomfort she claimed to be experiencing had anything to do with a 1986 automobile accident in which she was involved. She explained that the “main” reason for her failure to seek better employment was that she had “gotten married two years ago and my circumstances changed” and further that she did not need a “total income”.
*754 On May 18, 1988, the dc entered his order awarding wage loss benefits for the period requested. He acknowledged that the claimant did not look for better paying work but found, based upon “a review of the medical reports and the totality of the evidence” that she had not voluntarily limited her income. This timely appeal followed.
We begin our analysis by observing that while the fact of full-time employment may not satisfy the requirement of a job search for purposes of establishing a causal connection between wage loss and physical limitation, it is relevent to an inquiry concerning voluntary limitation of income. Once claimant has a full-time job she is, in appropriate circumstances, relieved of the need to conduct a further work search to establish that she is not voluntarily limiting her income. Since there is competent substantial evidence in the record that Ms. Ball sold Avon products full-time, the question of voluntary limitation is dependent upon whether the circumstances in the instant case are “appropriate”. See Western Union Telegraph Co. v. Perri, 508 So.2d 765 (Fla. 1st DCA 1987); Stahl v. Southeastern X-Ray, 447 So.2d 399 (Fla. 1st DCA 1984).
The mere fact that a claimant’s new full-time employment is at a diminished remuneration does not necessarily support a finding of voluntary limitation of income. In Glynn v. McKenzie Tank Lines, 511 So.2d 696 (Fla. 1st DCA 1987), in addition to the amount of pay earned, this court considered the extent of claimant’s physical restrictions, his age and education and the length of time he continued working at the low paying job. We found that the claimant’s efforts there were not bona fide or reasonable where he accepted commission-type work, was working a 60 hour week with no appreciable income and continued this employment for six months.
In this case, Ms. Ball acknowledged that she worked 40-60 hours per week during the two year period for which wage loss is claimed and earned, on average, less than $25 per week. She testified that she did not need a “total” income and related a work history as a secretary, dispatcher, finance manager, waitress, cashier and telephone operator in addition to her work as a salesclerk. Her impairment was estimated at only 3% and her physician, Dr. Marsh, released her to return to work with no significant restrictions. When asked why she did not look for other work during the two year span in question she replied that she could neither stand nor sit for more than five minutes at a time without suffering pain.
Subjective complaints of pain, standing alone, are insufficient to establish entitlement to wage loss benefits. Glades Correctional Institution v. Bukowski, 528 So.2d 58 (Fla. 1st DCA 1988); Superior Pontiac v. Hearn, 458 So.2d 1197 (Fla. 1st DCA 1984). Moreover, the medical evidence presented at the hearing provides no support for claimant’s subjective complaints. An EMG, a CT scan and a MRI of Ms. Ball’s cervical spine were within normal limits. The only evidence supporting claimant’s position was from Dr. Ray who had the “impression” that Ms. Ball was suffering pain and should be taken off work status until a MRI of the lumbosacral spine could be performed. Ms. Ball’s subjective complaints of pain and Dr. Ray’s “impression” testimony do not constitute competent substantial evidence to support the dc's finding that Ms. Ball did not voluntarily limit her income. We find that she did and therefore is not entitled to wage loss benefits for the period in question.
Even if there were competent substantial evidence in the record to support the dc's conclusion of no voluntary income limitation, we would be compelled to reverse on the ground that Ms. Ball has failed to make the requisite prima facie showing of a causal connection between the injury she suffered and the wage loss she claims. In addition to the evidentiary matters alluded to above, we note that claimant’s resignation letter made no mention of any physical difficulty; rather, she complained that her newly assigned work hours interferred with her parenting and her part-time employment. The fact that she did not return to her former job in *755 August of 1985 is not, in itself, sufficient to defeat her claim for wage loss beginning in January of 1986. What is significant, however, is that there is no competent substantial evidence in the record to demonstrate that the claimant lost the ability or capacity to perform her old job. Since she conducted no work search to establish that her wage loss was caused at least in part by her injury, she has no other way of establishing the causal connection that is the sine qua non of a prima facie case entitling one to wage loss.
Claimant cannot satisfy her burden by pointing to her new Avon job as proof of the extent to which her injury placed her at a competitive disadvantage in the job market. Indeed, she never placed herself in the job market long enough to permit of such a conclusion. Although she could have established a requisite causal connection through proof of medical limitations and disability without the need for work search, Publix Supermarkets, Inc. v. Franklin, 467 So.2d 1031 (Fla. 1st DCA 1985), the record is bereft of the evidence that would support such a finding.
Accordingly, the order appealed from is reversed and the cause remanded for entry of an order denying wage loss benefits to the claimant for the time period at issue.
BOOTH and JOANOS, JJ., concur.