[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 255.]

THE STATE EX REL. OOTEN, APPELLANT, *v.* SIEGEL INTERIOR SPECIALISTS COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Ooten v. Siegel Interior Specialists Co.*, 1998-Ohio-534.]

*Workers' compensation—Industrial Commission does not abuse its discretion in denying wage-loss compensation, when.*

(No. 96-1421—Submitted December 2, 1998—Decided December 30, 1998.)

Appeal from the Court of Appeals for Franklin County, No. 95APD05-607.

_____

{¶ 1} Appellant-claimant, Michael D. Ooten, injured his back on August 8, 1991, while working as a carpenter/drywall installer for Siegel Interior Specialists Company. Dr. Noel S. Perin released claimant "to return to his regular employment and [he] has been authorized to resume light/regular work as of 15th of April [1992]." While the release form did not distinguish between light and regular work, there is evidence of a contemporaneous medical assessment by Dr. Perin, which places restrictions on claimant's lifting over twenty-five pounds, as well as limitations on prolonged sitting, standing, crouching, and balancing.

{¶ 2} Claimant returned to work at Siegel. Siegel, in turn, terminated claimant's employ on May 19, 1992, allegedly because he could not do the heavy work his position required. Later that day, claimant — acting on a tip — contacted E.H. Tasset ("Tasset"), another carpentry company. Despite his medical limitations, Tasset agreed to give claimant a try. Claimant started on May 21, 1992, doing metal stud and drywall work.

{¶ 3} Leg and back pain plagued claimant throughout the summer. Dr. Perin recommended that claimant "change his occupation if he was to avoid any further injury to his back." Claimant then left Tasset.

**{¶ 4}** After leaving Tasset, claimant stated that he "had no idea what I was going to do as far as income and after lots of thought I decided to try and start my own business." Out of that decision, Ooten Interior Systems was born.

**{¶ 5}** On July 23, 1993, claimant moved appellee, Industrial Commission of Ohio, for wage-loss compensation. Accompanying appellee's motion were Dr. Perin's restrictions, W-2's from claimant and his wife, and their extensive individual and corporate tax records.

**{¶ 6}** A district hearing officer on July 7, 1994, denied wage-loss compensation, finding:

" * * * [T]he claimant has not demonstrated an actual loss of wages that results directly from the physical restrictions placed upon the claimant.

"Specifically, the only wage information submitted by the claimant are his W-2 forms for the years 1992 and 1993. From this limited information, it is not possible to determine that the claimant is actually earning less in his new employment as opposed to what he earned at his previous place of employment."

**{¶ 7}** A staff hearing officer, on appeal, added on August 29, 1994, that:

"[C]laimant returned to his former position of employment as a carpenter for the instant employer before leaving that position to accept a similar position with a different employer. Further, on file from claimant's physician of record is a return to work form enabling the claimant to return to light/regular duty as of 4/15/92, dated 3/9/92.

"Further, claimant has not submitted credible evidence to support [that] his decision to become self-employed in his own business, instead of performing a 'good faith' job search, was due to medical restrictions resulting from the industrial injury * * *.

"In all other respects[,] the district hearing officer order dated 7-7-94 is affirmed."

{¶ 8} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying his wage-loss application. The court of appeals disagreed and denied the writ.

{¶ 9} This cause is now before this court upon an appeal as of right.

_____

*Butkovich, Schimpf, Schimpf & Ginocchio Co.*, L.P.A., *James A. Whittaker* and *Stephen P. Gast*, for appellant.

*Betty D. Montgomery*, Attorney General, and *C. Bradley Howenstein*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

{¶ 10} Wage-loss compensation was denied to claimant because the commission found insufficient evidence of actual wage loss and, alternatively, no causal relationship between the asserted loss and industrial injury. The latter, particularly, presents a novel question of whether the commission abused its discretion in denying wage-loss compensation for lack of a job search to a self-employed claimant. Because we answer this question in the negative, we affirm the judgment of the court of appeals.

{¶ 11} Causal relationship is often satisfied by evidence of an unsuccessful search for employment at the pre-injury rate of compensation. While not universally required, mandating a work search under these facts is consistent with our directive to carefully scrutinize alternative employment that is not "regular" full-time work. See *State ex rel. Pepsi-Cola Bottling Co. v. Morse* (1995), 72 Ohio St.3d 210, 648 N.E.2d 827. This is to ensure that the claimant's job choice was motivated by the injury-induced unavailability of other work and was not a lifestyle choice. *Id.* As the Minnesota Supreme Court noted in a self-employed wage-loss case, "an employer should not be obligated to subsidize an employee indefinitely where an employee undertakes a career of his own choosing for which he may be

[ill]-suited." *Hanmer v. Wes Barrette Masonry* (Minn.1987), 403 N.W.2d 839, 840.

{¶ 12} The court of appeals, through its magistrate, recognized this when it wrote:

"It is well known, however, that new businesses rarely make a profit in the early stages, for a variety of reasons. The reasons a person experiences a loss of wages may be one or more of the following: inadequate business expertise, misreading the market, lack of adequate financing and cash flow (under-capitalization), poor business decisions, working less than a full-time week, customers that fail to pay debts, ordinary and unexpected start-up costs, etc. Thus, the commission has a far more difficult task in determining whether it was the medical incapacity that was the cause of wage loss. The commission is statutorily required to compensate workers for genuine wage losses but is not required to subsidize private ventures in entrepreneurship and assume the financial risks ordinarily attending such ventures."

{¶ 13} In this case, the commission reasoned that claimant never put himself into the labor market long enough to establish that his industrial injury prevented him from securing other employment at the pre-injury rate. The commission, therefore, concluded that considerations other than claimant's industrial injury were the driving factors in claimant's decision to go into business for himself. Similar logic was enunciated by a Florida Court of Appeals in *Wal-Mart v. Ball* (Fla.App.1989), 541 So.2d 752, 755:

"Claimant cannot satisfy her burden by pointing to her new Avon job as proof of the extent to which her injury placed her at a competitive disadvantage in the job market. Indeed, she never placed herself in the job market long enough to permit of [*sic*] such a conclusion. Although she could have established a requisite causal connection through proof of medical limitations and disability without the

4

need for work search * * *, the record is bereft of the evidence that would support such a finding."

{¶ 14} Similar evidence is lacking here. Accordingly, we find that the commission did not abuse its discretion in denying wage-loss compensation.

{¶ 15} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and PFEIFER, JJ., dissent.

———————————