THE STATE EX REL. CARNAHAN, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Carnahan v. Indus.*
*Comm.* (1999), 86 Ohio St.3d 67.]

(No. 97–177—Submitted April 13, 1999—Decided July 7, 1999.)

68

*Dean G. Reinhard Co., L.P.A.,* and *Charles Zamora,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Cheryl J. Nester,* Assistant Attorney General, for appellee.

*Per Curiam.* Claimant seeks two-thirds of the $440 weekly difference between his police and reservist wages. To prevail, he must prove a causal relationship between his injury and his decreased earnings. *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202. The commission found no causal relationship, and we uphold that decision.

The commission rejected claimant's assertion that his injury was responsible for his decreased wages. "Some evidence" supports that decision. Claimant's injuries consisted of bruises that generated a single office visit. He lost no time from work and worked unimpeded as a police officer for the next two years. He also specifically declined a disability retirement. While Dr. Friedman indeed reported that claimant's injury prevented a resumption of police duties, the commission was not required to accept that opinion. See *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Equally important, nothing in Dr. Friedman's report confined claimant to part-time work as a reservist.

Claimant declared himself capable of full-time employment on his federal employment application. Given this ability, claimant was required to look for other employment beyond the federal realm. Claimant admittedly declined to search for county, city, or state employment and refused to look for work in the private sector. Claimant was clearly capable of a wide range of more lucrative work—he simply did not want it.

A claimant cannot successfully assert that an injury placed him/her at a competitive disadvantage in the job market without fully immersing himself/herself into the job market. *State ex rel. Ooten v. Siegel Interior Specialists Co.* (1998), 84 Ohio St.3d 255, 703 N.E.2d 306. This is to ensure that "claimant's job choice was motivated by the injury-induced unavailability of other work and was not a lifestyle choice." *Id.* at 257, 703 N.E.2d at 307. Here, the commission did not abuse its discretion in concluding that claimant's departure from the police force and his subsequent part-time employment were motivated by lifestyle choice, not industrial injury.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.