[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 67.]

THE STATE EX REL. CARNAHAN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE.

[Cite as *State ex rel. Carnahan v. Indus. Comm*., 1999-Ohio-82.]

*Workers' compensation—Application for wage-loss compensation denied when applicant fails to prove a causal relationship between injury and decreased earnings.*

(No. 97-177—Submitted April 13, 1999—Decided July 7, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD11-1422.

_____

{¶ 1} Appellant-claimant, Robert W. Carnahan, worked two jobs in 1992. He worked full-time as a police officer, and he was an Air Force reservist, devoting two full weeks per year as well as assorted weekends to this position.

{¶ 2} On January 31, 1992, claimant sustained multiple bruises in a fall during his police shift. He had no treatment after his initial office visit and missed no time from work.

{¶ 3} On February 28, 1994, claimant retired from the police department after over twenty years of service. He chose a normal retirement rather than a disability retirement.

{¶ 4} Claimant did not seek other work in the months that followed. He did increase his hours of availability with the Air Force Reserve. He signed on as an on-call flight engineer and received periodic assignments to track hurricanes. Air Force regulations prohibited claimant from devoting more than one hundred eighty days per year to this job.

{¶ 5} In March 1995, claimant submitted to the federal government an application for full-time employment. No job, however, materialized.

**{¶ 6}** One month later, claimant moved appellee, Industrial Commission of Ohio, for wage-loss compensation. In support, he submitted wage statements from his reservist position and a report from Dr. Leslie A. Friedman. Dr. Friedman concluded:

"I am of the opinion that Mr. Carnahan cannot function safely as a police officer. I note that as a police officer he has to wear a gun belt which includes the firearm and radio, as well as a bullet proof vest, [and] the additional weight certainly puts additional stress and strain on the knee and low back region. Furthermore, I do not believe he is capable of the vigorous physical activities which are sometimes required by a police officer. I do not believe he could perform adequately in an emergency situation because of the residual problems from the 1/31/92 injury. I believe he could put himself, fellow officers, and other individuals at risk. Therefore, I do not believe that he is capable of functioning as a police officer."

**{¶ 7}** A district hearing officer denied the application because:

"[T]here is a lack of good faith job search over this period and the claimant's physical limitations of no vigorous exercise [are] vague. [The] DHO relies on Dr. Friedman's 2/23/95 report which merely indicates claimant can not perform his job as a police officer as he can not perform vigorous physical activities. The actual physical limitations due to this 1/31/92 industrial injury is [*sic*] not specified.

"[The] DHO also notes that claimant took a service retirement on 2/26/94 from the police department.

"[The] DHO finds that claimant's wages [*sic*] loss request is not supported by proof of a good faith job search. Although claimant continued to perform work for the Federal [Air Force] Reserve on a part-time basis (which he performed even prior to this 1/31/92 industrial injury), claimant made no attempt to find a full-time job or even another part-time job until 3/1/95 when claimant completed one federal

employment application looking for work as a flight engineer. The DHO findings [*sic*] that no contact with OBES nor any other job contacts have been made since 3/1/94 (date of request for wage loss compensation)."

{¶ 8} A staff hearing officer affirmed, adding:

"The order of the District Hearing Officer, dated 6/12/95 is affirmed, with additional reasoning. The claimant was injured on 1/31/92, with no lost time from work. The claimant retired under [r]egular retirement in February of 1994. The retirement is found to be completely voluntary in nature. The claimant could have likely continued working with the police force in a more sedentary position, if he choose [*sic*] to do so. Under these circumstances, the claimant, if he has a wage loss, it is found to be voluntary in nature. In all other respects the prior decision is affirmed."

{¶ 9} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, contesting his wage-loss denial. The court of appeals found that claimant did not perform a good-faith job search and denied the writ.

{¶ 10} This cause is now before this court upon an appeal as of right.

———————————

*Dean G. Reinhard Co., L.P.A.*, and *Charles Zamora*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 11} Claimant seeks two-thirds of the $440 weekly difference between his police and reservist wages. To prevail, he must prove a causal relationship between his injury and his decreased earnings. *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202. The commission found no causal relationship, and we uphold that decision.

**{¶ 12}** The commission rejected claimant's assertion that his injury was responsible for his decreased wages. "Some evidence" supports that decision. Claimant's injuries consisted of bruises that generated a single office visit. He lost no time from work and worked unimpeded as a police officer for the next two years. He also specifically declined a disability retirement. While Dr. Friedman indeed reported that claimant's injury prevented a resumption of police duties, the commission was not required to accept that opinion. See *State ex rel. Burley v. Coil Packing, Inc*. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Equally important, nothing in Dr. Friedman's report confined claimant to part-time work as a reservist.

**{¶ 13}** Claimant declared himself capable of full-time employment on his federal employment application. Given this ability, claimant was required to look for other employment beyond the federal realm. Claimant admittedly declined to search for county, city, or state employment and refused to look for work in the private sector. Claimant was clearly capable of a wide range of more lucrative work—he simply did not want it.

**{¶ 14}** A claimant cannot successfully assert that an injury placed him/her at a competitive disadvantage in the job market without fully immersing himself/herself into the job market. *State ex rel. Ooten v. Siegel Interior Specialists Co*. (1998), 84 Ohio St.3d 255, 703 N.E.2d 306. This is to ensure that "claimant's job choice was motivated by the injury-induced unavailability of other work and was not a lifestyle choice." *Id*. at 257, 703 N.E.2d at 307. Here, the commission did not abuse its discretion in concluding that claimant's departure from the police force and his subsequent part-time employment were motivated by lifestyle choice, not industrial injury.

**{¶ 15}** The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————