The State ex rel. Cash, Appellant, v. Industrial
Commission of Ohio et al., Appellees.

[Cite as State ex rel. Cash v. Indus. Comm. (2000), 88 Ohio St.3d 306.]

(No. 98–2653—Submitted March 8, 2000—Decided April 5, 2000.)

*Dean G. Reinhard Co., L.P.A.*, and *Charles Zamora*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellee Industrial Commission.

*Janet E. Jackson*, City Attorney, and *Alan P. Varhus*, Assistant City Attorney, for appellee city of Columbus.

**Per Curiam.** In *State ex rel. Ooten v. Siegel Interior Specialists Co.* (1998), 84 Ohio St.3d 255, 703 N.E.2d 306, we denied wage-loss compensation to a claimant who, without first conducting a job search, became self-employed after he was medically unable to return to his former position of employment. We stated that:

"Causal relationship [between wage loss and injury] is often satisfied by evidence of an unsuccessful search for employment at the pre-injury rate of compensation. While not universally required, mandating a work search under these facts is consistent with our directive to carefully scrutinize alternative employment that is not 'regular' full-time work. * * * This is to ensure that the claimant's job choice was motivated by the injury-induced unavailability of other work and was not a lifestyle choice. * * *

" * * *

"In this case, the commission reasoned that claimant never put himself into the labor market long enough to establish that his industrial injury prevented him from securing other employment at the pre-injury rate. The commission, therefore, concluded that considerations other than claimant's industrial injury were the driving factors in claimant's decision to go into business for himself." *Id.* at 256–257, 703 N.E.2d at 307–308.

In this case, there is no evidence that claimant conducted a job search. Relying on *Ooten*, we find, therefore, that the commission did not abuse its discretion in denying wage-loss compensation.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.