[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 306.]

THE STATE EX REL. CASH, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Cash v. Indus. Comm*., 2000-Ohio-331.]

*Workers' compensation—Industrial Commission does not abuse its discretion in denying wage-loss compensation, when.*

(No. 98-2653—Submitted March 8, 2000—Decided April 5, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD10-1412.

_____

{¶ 1} Appellant-claimant, Robert E. Cash, was injured in 1987 in the course of and arising from his employment with appellee city of Columbus, and a workers' compensation claim was allowed. In 1990, he took a disability retirement from his job with the city. The next year he began his own business, Applied Cleaning Technologies, which sold industrial cleaning products.

{¶ 2} On April 24, 1997, claimant moved appellee Industrial Commission of Ohio for wage-loss compensation from April 24, 1995 forward. The motion was unaccompanied by any evidence of a job search. A district hearing officer denied the motion after finding (1) a lack of persuasive medical evidence supporting a causal relationship between injury and wage loss and (2) a voluntary limitation of income. A staff hearing officer affirmed, writing:

"In addition, the claimant testified at hearing that, as the owner of his own business, he essentially accepted no wages. He said he 'plowed his money back into his company.[']

"By voluntarily limiting his wage earnings, the claimant is able to directly control the amount of wage loss that will be paid to himself. The claimant could manipulate his 'earnings' from his fulltime work to collect 200 weeks of wage loss at 100%. In effect[,] the Bureau of Workers' Compensation would subsidize the

claimant's owned business to the amount of approximately 70,000 dollars or more over a four year period.

"The claimant testified that he paid his sons substantial wages (more than $42,000) during 1995 and 1996. The claimant could adjust his own 'wages' to always equal 'near zero' while he paid all the wages earned to his two sons.

"That appears to have happened in this case. The claimant testified that he put his earnings right back into his company. Based on the above, the claimant's 'SPECIAL CIRCUMSTANCES' support that he has voluntarily limited his weekly income regardless of how much his company earns. In 1996, the claimant supposedly earned only $76.00 dollars per week working full-time while he paid his sons more than [$]29,000 for the same period."

{¶ 3} Claimant's further appeal was refused.

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying his application for wage-loss compensation. The court of appeals disagreed and denied the writ.

{¶ 5} This cause is now before this court upon an appeal as of right.

––––––––––––––––

*Dean G. Reinhard Co., L.P.A.*, and *Charles Zamora*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellee Industrial Commission.

*Janet E. Jackson*, City Attorney, and *Alan P. Varhus*, Assistant City Attorney, for appellee city of Columbus.

––––––––––––––––

***Per Curiam.***

{¶ 6} In *State ex rel. Ooten v. Siegel Interior Specialists Co.* (1998), 84 Ohio St.3d 255, 703 N.E.2d 306, we denied wage-loss compensation to a claimant who,

without first conducting a job search, became self-employed after he was medically unable to return to his former position of employment. We stated that:

"Causal relationship [between wage loss and injury] is often satisfied by evidence of an unsuccessful search for employment at the pre-injury rate of compensation. While not universally required, mandating a work search under these facts is consistent with our directive to carefully scrutinize alternative employment that is not 'regular' full-time work. * * * This is to ensure that the claimant's job choice was motivated by the injury-induced unavailability of other work and was not a lifestyle choice. * * *

" * * *

"In this case, the commission reasoned that claimant never put himself into the labor market long enough to establish that his industrial injury prevented him from securing other employment at the pre-injury rate. The commission, therefore, concluded that considerations other than claimant's industrial injury were the driving factors in claimant's decision to go into business for himself." *Id*. at 256-257, 703 N.E.2d at 307-308.

{¶ 7} In this case, there is no evidence that claimant conducted a job search. Relying on *Ooten*, we find, therefore, that the commission did not abuse its discretion in denying wage-loss compensation.

{¶ 8} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————